BATTISTA VIRETTO *vs.* ANTONIO TRICARÍCO ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 8th—decided March 28th, 1933.

*Edward J. Quinlan,* with whom was *Frederick H. Waterhouse,* for the appellants (defendants).

*William S. Hyde,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was injured by being struck by an automobile truck alleged to be owned by one and driven by the other defendant, and from the denial of the defendants' motion to set aside a verdict in favor of the plaintiff they have appealed. The defendants contend that there was no reasonable basis in the evidence for a finding that the defendant driver was negligent, or that the plaintiff was not guilty of contributory negligence. The jury might reasonably have found, upon direct testimony or by reasonable inference, the following facts: The plaintiff was employed by a contractor engaged in reconstructing a highway. Crushed stone was being spread upon the roadway by trucks. After a truck had reached the proper position, the front of the body was raised and it was the duty of the plaintiff, standing upon the running board, to pull a cord which opened the tailboard, and, when the truck started forward, to step to the

ground and proceed to the rear to see that the stone was being properly spread. At the time of the accident there were signs notifying drivers that the highway was under construction and indicating a detour and there was a watchman who attempted to turn traffic aside; but more or less traffic was in fact passing through. The defendant driver passed the watchman, though the latter motioned him to stop, and proceeded toward the truck which was spreading the stone. In order to go by it he would have to pass within about two feet of it. He saw the plaintiff who, as he approached, was upon the running board of the truck, and saw or ought to have seen that he was engaged in some task in connection with it, but he gave no warning of his approach. The plaintiff, before stepping upon the running board, had looked to see whether traffic was approaching, but had not seen the defendants' truck. Just when he stepped upon the running board did not appear, but the operation of raising the front of the body of the truck, tripping the rear door and starting the truck would take some time, its driver estimating it as about a minute. As the plaintiff stood upon the running board he was intent upon his work, facing toward the truck and looking to the rear. When the defendants' truck was very close to or opposite the truck upon which the plaintiff was engaged, he stepped from the running board without looking to see if traffic was then approaching and was struck by the defendants' truck.

It was the duty of the defendant driver in passing over the highway, which was not open to ordinary traffic and upon the construction of which he knew workmen were engaged, to exercise care not to injure them proportionate to the danger inherent in the situation, including the fact they might well have their attention so engaged upon their work as not to be

watchful for traffic; and on the other hand, such workmen had the right to assume that any driver of a vehicle upon the road would exercise such care. Huddy, Cyclopedia of Automobile Law, Vol. 5-6, §§ 8, 106. The jury might reasonably have concluded that the defendant driver was negligent in not giving a warning of his approach, although he saw the plaintiff upon the running board and saw or ought to have seen that he was engaged in some task. The plaintiff, on the other hand, was entitled to assume that the driver of any vehicle passing over the highway would exercise the degree of care incumbent upon him in such a situation and, if the vehicle was to pass so close to him as it would have to do, that the driver would at least give a warning. The evidence affords sufficient basis for a finding by the jury that the defendant driver was negligent, and we cannot hold as matter of law that the plaintiff was guilty of contributory negligence.

There is no error.