■ JOSEPH C. FISCELLA et al., Respondents, v CECIL GIBBS et al., Defendants, and DONNA CONE, Appellant. [690 NYS2d 713] —In an action to recover damages for personal injuries, etc., the defendant Donna Cone appeals from an order of the Supreme Court, Queens County (Golar, J.), dated May 4, 1998, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the complaint is

dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On August 14, 1994, the plaintiffs' vehicle was proceeding in the left east-bound lane of Hempstead Turnpike, the vehicle of the defendant Cecil Gibbs was proceeding in the left west-bound lane, and the vehicle of the appellant Donna Cone was stopped in the left west-bound lane of the roadway. The injured plaintiff, Joseph Fiscella, alleges that when he first observed the appellant's vehicle, its left directional signal was illuminated and its wheels were turned to the left. The Gibbs' vehicle struck the appellant's vehicle in the rear causing it to move into the east-bound lane of traffic where it collided with the plaintiffs' vehicle.

The plaintiffs commenced this action against Cecil Gibbs, Isidora J. Gibbs, and the appellant to recover damages, *inter alia*, for injuries allegedly suffered in the collision with the appellant's vehicle. Following discovery, the appellant moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that she was not negligent as a matter of law. The Supreme Court denied the motion finding that there was a question of fact regarding the appellant's possible culpable conduct. We now reverse.

Since the evidence established that the appellant's vehicle was lawfully stopped prior to being struck in the rear by the Gibbs' vehicle, she established a prima facie case that she was not negligent with respect to this collision (*see, Yusupov v Supreme Carrier Corp.,* 240 AD2d 660; *Rebecchi v Whitmore,* 172 AD2d 600; *Miller v Irwin,* 243 AD2d 546; *Mead v Marino,* 205 AD2d 669).

Furthermore, contrary to the plaintiffs' contention, the fact that the appellant may have had her wheels turned to the left in anticipation of a turn prior to her being struck in the rear does not raise a triable issue of fact. The driver of a vehicle which is lawfully stopped and waiting in traffic to make a left turn across traffic does not have a duty to anticipate a rear-end collision and to turn its wheels in light of such a risk (*see, Murphy v Spickler,* 224 AD2d 814; *Barnes v Lee,* 158 AD2d 414; *Viegas v Esposito,* 135 AD2d 708). While the defensive driving suggestions submitted by the plaintiffs' expert in opposition to the appellant's motion indicate that a driver should keep the wheels of a vehicle straight until the actual commencement of a left turn, the plaintiffs have not demonstrated that the appellant's alleged failure to do so was a proximate cause of her collision with their vehicle (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Murphy v Spickler, supra*). Accordingly, the ap-

pellant is entitled to summary judgment dismissing the complaint insofar as asserted against her (*see,* CPLR 3212 [b]). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.