■ PAMELA J. STRETCH et al., Appellants, v GAETANO TEDESCO et al., Defendants, and MICHAEL S. LAGRANDE et al., Respondents. (Action No. 1.) ANNE DONNELLY, Appellant, v GAETANO TEDESCO et al., Defendants, and MICHAEL S. LAGRANDE et al., Respondents. (Action No. 2.) [693 NYS2d 203] —In two related actions, *inter alia*, to recover damages for wrongful death arising out of a multi-vehicle accident, the plaintiffs in Actions No.1 and 2 separately appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 8, 1998, which granted the motion of the defendants in Actions No. 1 and 2 Michael S. LaGrande and Susan LaGrande for summary judgment dismissing the complaints in both actions insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The vehicle operated by Michael S. LaGrande (hereinafter LaGrande) was lawfully stopped at an intersection, on the southbound side of a road, with his directional signal indicating that he was preparing to make a left turn. His car was struck from the rear by a car driven by Gaetano Tedesco, and LaGrande's car was propelled to the left, across the northbound lane of traffic. Another car, driven by Pamela Jean Stretch, was traveling in the northbound lane and ran broadside into the passenger side of the LaGrande car. Wesley Bonnici, LaGrande's passenger, sustained serious injuries in the impact, from which he later died.

LaGrande and his wife moved for summary judgment dismissing the complaints insofar as asserted against them in Actions No. 1 and 2, arguing that, as a matter of law, LaGrande could not be held liable because the accident was caused when his vehicle was hit in the rear, through no fault of his own. The plaintiffs in the two actions opposed his motion, claiming that LaGrande contributed to the accident by stopping short in front of Tedesco, by moving into the northbound lane of traffic in an effort to avoid being hit by Tedesco, or by turning his car wheels to the left before it was safe for him to proceed with his left turn. The trial court granted summary judgment, holding that LaGrande was not negligent as a matter of law. We affirm.

It is well established that summary judgment should only be granted where there are no material and triable issues of fact (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395,

404). It is equally well established that issue finding, as opposed to issue determination, is the key to summary judgment (*see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261), and that the papers should be scrutinized in the light most favorable to the party opposing the motion (*see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976). Here, the plaintiffs submitted no credible evidence to support either the theory that LaGrande stopped short or that he moved into the northbound traffic lane to avoid being hit by Tedesco. Moreover, assuming the existence of some evidence to support the plaintiffs' wheel-turning theory, we agree that, as a matter of law, it is not negligent for a driver to turn his wheels to the left while waiting at an intersection to make a left turn (*see, Fiscella v Gibbs,* 261 AD2d 572; *Murphy v Spickler,* 224 AD2d 814). Accordingly, summary judgment was properly granted. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.