OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that plaintiffs’ cross motion for summary judgment as against defendants Amodeo on the issue of liability is denied; as so modified, affirmed without costs.
The motion by defendant Córtese for summary judgment was properly granted. Córtese was stopped at the intersection and waiting to turn when he was hit from behind. A driver in this situation has no legal duty to anticipate that a rear-end collision will occur, and no duty to keep the car’s wheels straight to avoid being pushed into oncoming traffic by such a collision (Stretch v Tedesco, 263 AD2d 538 [1999]; see also Fiscella v Gibbs, 261 AD2d 572 [1999]). In opposition to the motion, neither plaintiffs nor defendants Amodeo raised an issue of fact that any alleged statutory violation by Córtese proximately caused the accident, or that the Córtese vehicle’s position was otherwise a proximate cause of the accident (see Brown v Shyne, 242 NY 176 [1926]; Fiscella v Gibbs, 261 AD2d 572 [1999], supra). The speculation of counsel that a jury might find that such a violation occurred and proximately caused the accident is insufficient to oppose Cortese’s motion (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Therefore, the portion of the order granting summary judgment to Córtese and dismissing all cross claims against him is affirmed.
The portion of the order granting summary judgment on the issue of liability to plaintiffs as against defendants Amodeo cannot be sustained. Plaintiffs failed to establish their entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Even if Anthony Amodeo were negligent as a matter of law as to defendant Córtese (a question upon which we do not pass), this would not establish his liability to plaintiffs. Proximate cause must also be established, and plaintiffs have failed to do so (see generally Sheehan v City of New York, 40 NY2d 496 [1976]; Ohdan v *590 City of New York, 268 AD2d 86 [2000]). Questions of fact exist both as to whether the second collision, up to a minute after the first, was a normal or foreseeable consequence of the driver Amodeo’s conduct, and whether, in the circumstances of such a time delay, Rhonda Ross’s own acts were so “independent of or far removed from defendant’s conduct” (Gross v New York City Tr. Auth., 256 AD2d 128, 130 [1998] [internal quotation marks omitted]) as to render them a superseding cause. This question must be left to the trier of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]; O’Connor v Pecoraro, 141 AD2d 443 [1988]). For these reasons, plaintiffs failed to establish entitlement to judgment as a matter of law, and their motion for summary judgment against defendants Amodeo on the issue of liability should have been denied (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985], supra).
Pesce, P.J., Aronin and Golia, JJ., concur.