## JANET HEUSSNER *v.* DAY, BERRY AND HOWARD, LLP, ET AL.
### (AC 26461)

DiPentima, McLachlan and Hennessy, Js.

Argued January 11—officially released March 28, 2006

*John R. Williams,* for the appellant (plaintiff).

*Anthony M. Fitzgerald,* with whom, on the brief, was *David S. Hardy,* for the appellees (named defendant et al.).

*Opinion*

McLACHLAN, J. The plaintiff, Janet Heussner, appeals from the judgment of the trial court, rendered after it granted the motion for summary judgment filed by the defendants Day, Berry & Howard, LLP, and Greg-

ory A. Hayes.[1] The plaintiff claims that the court improperly concluded that the doctrine of collateral estoppel applied to preclude the relitigation of facts and issues that previously were determined in a Probate Court proceeding. We disagree and affirm the judgment of the trial court.

The facts are essentially undisputed. The plaintiff, a resident of New York, is the daughter of Anastasia Heussner, a resident of Connecticut. In December, 2002, the Probate Court for the district of Fairfield determined that Anastasia Heussner was incapable of managing her affairs and appointed George Heussner, the son of Anastasia Heussner, and Hayes, a partner at the law firm of Day, Berry & Howard, LLP, as conservators of her estate. At various times between April and June, 2003, George Heussner and Hayes met with a detective at the Fairfield police department and reported that the plaintiff had removed various items of personal property from Anastasia Heussner's home and refused to return them. The plaintiff thereafter was arrested and charged with the crime of larceny in the first degree.

In August, 2003, while the criminal charge was pending, George Heussner and Hayes filed a petition with the Probate Court, claiming that the plaintiff had moved into Anastasia Heussner's home and had removed various items of personal property without the permission of the conservators. They sought authority to remove the plaintiff from Anastasia Heussner's home and an order directing the plaintiff to return the items that she had taken. The Probate Court issued a notice, scheduling a hearing on the petition for August 7, 2003, and sent copies of the notice to the plaintiff and her counsel. The plaintiff attended the hearing, was represented by

---

[1] The plaintiff also named George T. Heussner as a defendant, but he was not a party to the motion for summary judgment that is the subject of this appeal. We therefore refer in this opinion to Day, Berry & Howard, LLP, and Gregory A. Hayes as the defendants.

counsel and participated in the hearing. Following the hearing, the Probate Court issued a decree, in which it made findings of fact and authorized the conservators to initiate proceedings to obtain the return of Anastasia Heussner's personal property and the exclusive possession of her real property. Additionally, the Probate Court ordered the plaintiff to return the property that she had taken, to vacate Anastasia Heussner's home and to refrain from entering Anastasia Heussner's home without further order from the Probate Court. The plaintiff did not appeal from the decree of the Probate Court pursuant to General Statutes § 45a-186.

After the decree was issued, Hayes contacted the prosecutor's office and repeated the allegations against the plaintiff. Because the plaintiff had not returned the property, Hayes urged that she be "vigorously prosecuted for her offense." The plaintiff eventually returned numerous items of personal property to the conservators. The criminal charge against the plaintiff was dismissed, and the record of her case was erased.

The plaintiff then commenced the present action against the defendants, claiming malicious prosecution and negligent infliction of emotional distress. The plaintiff alleged that Hayes had acted as the agent of his law firm for its economic benefit and within the scope of his agency. The defendants filed a motion for summary judgment, contending that the plaintiff's claims were barred by the doctrine of collateral estoppel because of the previous Probate Court decree. The court agreed and granted the defendants' motion for summary judgment. This appeal followed.

"Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Thus, because the court's decision on a

motion for summary judgment is a legal determination, our review on appeal is plenary"; (citations omitted; internal quotation marks omitted) *Middlesex Mutual Assurance Co.* v. *Vaszil*, 89 Conn. App. 482, 485–86, 873 A.2d 1030, cert. granted on other grounds, 275 Conn. 911, 882 A.2d 673 (2005); as is our review of the applicability of the collateral estoppel doctrine. *Albahary* v. *Bristol*, 276 Conn. 426, 444, 886 A.2d 802 (2005).

"The fundamental principles underlying the doctrine of collateral estoppel are well established. The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment. . . . Thus, the issue must have been fully and fairly litigated in the first action. . . . Collateral estoppel express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . .

"An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for a determination, and in fact determined. . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Bishop* v. *Zoning Board of Appeals*, 92 Conn. App. 600, 605–606, 886 A.2d

470 (2005), cert. denied, 277 Conn. 906, 894 A.2d 986 (2006).

In their motion for summary judgment, the defendants claimed that the doctrine of collateral estoppel barred the plaintiff's action for malicious prosecution and negligent infliction of emotional distress. The defendants argued that the plaintiff was precluded from litigating facts and issues concerning her taking of Anastasia Heussner's personal property because those facts and issues previously had been litigated and determined in the Probate Court proceeding and decree. In its oral decision granting the motion, the court incorporated the findings and decree of the Probate Court, and concluded that the plaintiff's claims were precluded by the provisions of General Statutes § 45a-24[2] because no appeal had been filed by the plaintiff from that decree.[3]

It is undisputed that the plaintiff and her counsel received notice of the Probate Court hearing scheduled on the petition of George Heussner and Hayes, as conservators, for authority to remove the plaintiff from Anastasia Heussner's home and seeking an order directing the plaintiff to return items of personal property that they claimed were removed from Anastasia Heussner's home without their permission. The plaintiff was present at the hearing and was represented by counsel. When the hearing was concluded, the Probate Court issued a decree. A copy of the decree was mailed to the plaintiff's counsel.

[2] General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."

[3] The court stated: "The findings of the Probate Court, findings of fact, establish probable cause for the defendant's statements and actions barring a claim of malicious prosecution and in such circumstances as these that probable cause also bars a claim of negligent infliction of emotional distress against the defendants."

The following findings and orders of the Probate Court are relevant to the resolution of the issue on appeal. "At the hearing on the conservatorship and at a subsequent hearing held on March 25, 2003, the ownership of certain items of personal property was discussed and disputed by [Anastasia Heussner's] only children, George Heussner and [the plaintiff]. The court made it abundantly clear to the parties that the ownership of disputed personal property was a matter to be determined at a later date, one requiring a motion to try title to personal property. . . .

"Subsequently, on or about April 20, 2003, [Anastasia Heussner's] daughter, [the plaintiff], fully aware of the appointment of a coconservator of the estate and person for Anastasia Heussner and without permission from either coconservator and without bringing an action to try title to personal property either here or in the Superior Court, removed over four hundred (400) items of personal property, including a silver coin collection, an antique silver collection, antique porcelain and items of gold jewelry, from [Anastasia Heussner's] residence . . . . Among the items removed from the house were items belonging to [Anastasia Heussner] and items in which her son, George [Heussner] also claimed an interest. . . .

"As a result of the removal of the above mentioned items from the residence, the Fairfield police communicated directly with [the plaintiff], seeking the return of all the subject items. [The plaintiff] has refused to return these items to the coconservators. As a result of [the plaintiff's] actions, a warrant was issued for her arrest on a felony charge of larceny in the first degree.

"There remain in [Anastasia Heussner's] home substantial additional items of significant value that are at risk by the presence of [the plaintiff] . . . .

"All this being said, the sum and substance of the law is that these coconservators hold legal title to the real and personal property of Anastasia Heussner. [Anastasia Heussner's] personal property having been taken without their approval or permission, tacit or otherwise, must be recovered by them. Further, the party having ensconced herself into [Anastasia Heussner's] home without their leave or license, implied or inferred, must be removed therefrom.

"For [Anastasia Heussner's] sake, the coconservators must remove this mere trespasser from [Anastasia Heussner's] home and recover the property wrongfully taken from her.

"WHEREFORE, it is ORDERED and DECREED that:

"The coconservators be and hereby are authorized, empowered and directed to initiate and pursue any and all actions, civil or criminal, to obtain the return of [Anastasia Heussner's] personal property and the exclusive possession of her real property.

"[The plaintiff] shall return all property taken.

"[The plaintiff] shall vacate the premises.

"[The plaintiff] shall be, and is, prohibited from being in [Anastasia Heussner's] premises without further order of the court."

The plaintiff does not challenge the court's conclusion that the collateral estoppel doctrine applies to Probate Court decrees or that the Probate Court had jurisdiction to determine title or rights in property. Indeed, our case law is clear that Probate Court decrees are final judgments for the purpose of the doctrines of res judicata and collateral estoppel. *Gaynor* v. *Payne*, 261 Conn. 585, 595–96, 804 A.2d 170 (2002); *Zanoni* v. *Lynch*, 79 Conn. App. 325, 338–39, 830 A.2d 314, cert. denied, 266 Conn. 928, 837 A.2d 803 (2003). Also, Gen-

eral Statutes § 45a-98 (a) (3) specifically provides in relevant part that courts of probate have the power to "determine title or rights of possession and use in and to any real, tangible or intangible property that constitutes, or may constitute, all or part of . . . any estate under control of a guardian or conservator . . . ."

Instead, the plaintiff essentially argues that the collateral estoppel doctrine does not apply because (1) the question of whether the plaintiff had committed a crime was not actually litigated or decided in the Probate Court, (2) a determination of whether the plaintiff committed a larceny was not necessary to the ruling of the Probate Court, (3) the issues, particularly whether the elements of a claim for malicious prosecution had been met, were not decided by the Probate Court and (4) the legal standards that apply to the Probate Court proceeding differ from the legal standards that apply to probable cause determinations in criminal proceedings. We reject the plaintiff's arguments.

To prevail on a claim of malicious prosecution, a plaintiff must prove: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale* v. *W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982). Lack of probable cause is the gravamen of the tort. See *DeLaurentis* v. *New Haven*, 220 Conn. 225, 267, 597 A.2d 807 (1991). "Probable cause has been defined as the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action. . . . Mere conjecture or suspicion is insufficient. . . . Moreover, belief alone, no matter how sincere it may be, is not enough, since it must be based on circumstances which make it reasonable. . . .

Although want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding." (Citations omitted.) *Zenik* v. *O'Brien*, 137 Conn. 592, 597, 79 A.2d 769 (1951).

The factual findings of the Probate Court clearly demonstrate that the defendants had reasonable grounds for pursuing a criminal proceeding against the plaintiff. The Probate Court indicated that it made it "abundantly clear" to the plaintiff that ownership of the disputed items of personal property would be determined at a later date, that the plaintiff, nevertheless, removed more than 400 items of personal property from Anastasia Heussner's home without permission from the conservators, that some of the property belonged to Anastasia Heussner and the plaintiff refused to return disputed items, that the continued presence of the plaintiff in Anastasia Heussner's home posed a risk to the "substantial additional items of significant value" that remained in the home and that the "property [was] wrongfully taken from [Anastasia Heussner]." On the basis of those findings, the Probate Court not only authorized but directed the conservators to initiate and pursue civil or criminal actions to obtain the return of the personal property taken by the plaintiff.

It was not the function of the Probate Court to determine whether there was probable cause for the plaintiff's arrest on the charge of larceny in the first degree or to determine whether the plaintiff had committed a crime. In order for the collateral estoppel doctrine to apply to preclude the plaintiff's action for malicious prosecution, it was sufficient that the issue of the plaintiff having taken property belonging to Anastasia Heussner, without permission of the conservators, was litigated at the hearing and decided by the Probate Court. In fact, the Probate Court found that the property

had been "wrongfully taken" by the plaintiff. The establishment of that fact in the Probate Court proceeding was fatal to the plaintiff's successful prosecution of a claim for malicious prosecution. Moreover, the determination of that issue was necessary in order for the Probate Court to order the plaintiff to return to the conservators the items that she had taken from Anastasia Heussner.

We therefore conclude that the plaintiff's claim that the defendant Hayes, as an agent of the defendant law firm, falsely and maliciously and without probable cause told the police that the plaintiff took property from Anastasia Heussner, was actually litigated and necessarily determined in the Probate Court proceeding and is, therefore, barred by principles of collateral estoppel.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] With respect to the plaintiff's claim for negligent infliction of emotional distress, that claim was predicated on facts identical to those underlying her claim for malicious prosecution. Accordingly, it, too, is barred by the collateral estoppel doctrine. See *Alexandru* v. *Strong*, 81 Conn. App. 68, 76–78, 837 A.2d 875, cert. denied, 268 Conn. 906, 845 A.2d 406 (2004).