■ JUDE PAULIN, Appellant, v ALLYN NEEDHAM et al., Respondents. [812 NYS2d 658]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated November 17, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

It is fundamental that "summary judgment should only be granted where there are no material and triable issues of fact" (*Stretch v Tedesco,* 263 AD2d 538 [1999]; *see Andre v Pomeroy,* 35 NY2d 361 [1974]) and that "issue finding, as opposed to issue determination, is the key to summary judgment" (*Stretch v Tedesco, supra* at 539; *see Judice v DeAngelo,* 272 AD2d 583 [2000]).

The Supreme Court erred in granting the motion since the

defendants failed to meet their initial burden of demonstrating the absence of a triable issue of fact as to whether the defendant driver exercised due care to avoid the subject accident under the circumstances that existed at the time the accident occurred (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Gecaj v DiFiglio,* 303 AD2d 548 [2003]; *cf.* Vehicle and Traffic Law § 1146; *Kiernan v Hendrick,* 116 AD2d 779 [1986]). In light of the defendants' failure to make a prima facie showing of entitlement to judgment as a matter of law, the motion should have been denied regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr., supra; Gecaj v DiFiglio, supra*). Adams, J.P., Ritter, Rivera and Covello, JJ., concur.