KEITH PHANEUF *v.* WILLIAM BERSELLI ET AL.
(AC 30602)

Flynn, C. J., and Harper and Peters, Js.

Argued November 9, 2009—officially released February 16, 2010

*Louis N. George,* with whom was *Jeffrey O. McDonald,* for the appellant (plaintiff).

*Jack G. Steigelfest,* with whom, on the brief, were *Thomas P. Cella* and *Christopher M. Harrington,* for the appellee (named defendant).

*Opinion*

PETERS, J. The principal issue in this personal injury action is the relationship between a jury's finding, in response to interrogatories, that the named defendant was not negligent and the plaintiff's claims that the jury

had been misinstructed on proximate causation and on duty of care. The plaintiff has appealed from the trial court's denial of his motion to set aside the jury verdict in favor of the named defendant. We affirm the judgment of the court.

The plaintiff, Keith Phaneuf, filed a three count complaint against the defendant, William Berselli,[1] a tractor trailer truck driver doing business as Berselli Trucking. The complaint alleged common-law negligence, recklessness and statutory recklessness under General Statutes § 14-222. In his answer, the defendant denied liability and alleged, as special defenses, that the plaintiff's own negligence or recklessness had contributed to the plaintiff's injuries. The defendant also named Spazzarini Construction Company, Inc. (Spazzarini), the plaintiff's employer, as an apportionment defendant.

After the presentation of the plaintiff's case-in-chief, the court granted the defendant's motion for a directed verdict on counts two and three but denied his motion as to common-law negligence. After the presentation of the defendant's case, the court granted the plaintiff's motion for a directed verdict on the defense of contributory recklessness but denied it as to contributory negligence.

On October 30, 2008, the jury returned a verdict in favor of the defendant. The first interrogatory that the jury was required to address was: "Do you find that the plaintiff has proven, by a preponderance of the evidence, that defendant William Berselli was negligent

---

[1] The plaintiff's complaint also contained allegations of (1) recklessness against Gregory Deslandes, a state police trooper, (2) negligence against the plaintiff's employer, Spazzarini Construction Company, Inc., and (3) a violation of General Statutes § 13a-144 against the department of transportation. The trial court, *Fuger*, *J.*, granted the department's motion to dismiss on the basis of sovereign immunity. The plaintiff subsequently withdrew his complaint as to Deslandes and Spazzarini. In this opinion, we refer only to Berselli as the defendant.

in one or more of the ways specified in the [c]omplaint?" The jury's answer was "[n]o." In accordance with the court's instructions, the jury did not address the remaining jury interrogatories. The court denied the plaintiff's motion to set aside the verdict. The plaintiff has appealed to this court. We affirm the judgment of the court.

The plaintiff's complaint alleged the following facts. On December 10, 2003, he was performing electrical work on traffic signal lights in a bucket truck suspended above the intersection of Route 83 and Lower Butcher Road in Ellington. The defendant drove his tractor trailer truck into the intersection and struck the bucket containing the plaintiff, causing the plaintiff to be thrown from the bucket and to land on the ground and to sustain significant bodily injuries. A state police trooper, Gregory Deslandes, was directing traffic at the scene and had waved the defendant through the intersection. At the time of the accident, the plaintiff was working as a subcontractor for Spazzarini, a contractor for the department of transportation (department).

At trial, the court denied the plaintiff's motion in limine to preclude evidence of the conduct of Deslandes and Spazzarini.[2] Upon the conclusion of the presentation of all the evidence, the court instructed the jury on the issue of proximate causation, stating: "In assessing proximate cause, you must consider all the conduct which you find contributed to the plaintiff's injuries, including the conduct of the defendant . . . the plaintiff . . . and the employees of Spazzarini . . . as well as the conduct of others, such as Trooper Deslandes and employees of the [d]epartment . . . ."

On appeal, the plaintiff claims that the court's instructions to the jury were improper in three ways: (1) in

---

[2] The plaintiff has not challenged on appeal the court's ruling on the motion in limine.

discussing proximate causation, the court referred specifically to the conduct of Deslandes, Spazzarini and the department as possibly contributing to the plaintiff's injuries; (2) the court failed to instruct the jury about the relevance of the relative size of the plaintiff's bucket truck and the defendant's truck; and (3) the court failed to instruct the jury that the defendant, because he was traveling through a work zone, was bound to exercise a heightened standard of care for the protection of the plaintiff. We are not persuaded.

"The standard of review for a challenge to the propriety of a jury instruction is well established. [J]ury instructions are to be read as a whole, and instructions claimed to be improper are read in the context of the entire charge. . . . A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The test to determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." (Internal quotation marks omitted.) *Pestey* v. *Cushman*, 259 Conn. 345, 351, 788 A.2d 496 (2002).

I

The plaintiff first claims that the court improperly instructed the jury on proximate causation because it instructed the jury to consider all possible causes of the plaintiff's injuries, including the conduct of Deslandes, Spazzarini and the department as examples of what conduct the jury could consider in determining the proximate cause of the plaintiff's injuries. The plaintiff argues that the court should have told the jury that it could apportion liability among the plaintiff, the defendant or Spazzarini and consider anyone's conduct in determining proximate causation. The plaintiff contends that it was improper to refer specifically to Deslandes and the department because they were

nonparties and unavailable for apportionment of liability. In response, the defendant argues that the jury did not reach the question of proximate causation once it determined that the defendant was not negligent. We agree.

It is indisputable that the jury answered "[n]o" to the interrogatory asking whether the plaintiff had proven "by a preponderance of the evidence, that the defendant William Berselli was negligent in one or more of the ways specified in the [c]omplaint?" As instructed, the jury then entered a verdict for the defendant without addressing subsequent interrogatories concerning proximate causation.

The court premised its denial of the plaintiff's motion to set aside the jury verdict on the fact that, having answered "[n]o" to the first interrogatory concerning the issue of negligent conduct, the jury did not reach the subsequent question concerning proximate causation. On appeal, the plaintiff argues that, in finding that the defendant was not negligent, the jury necessarily had to consider the question of proximate causation because proximate causation is an essential component of negligence.

The plaintiff correctly argues that proximate causation must be proved as an essential element of the tort of negligence.[3] The first jury interrogatory, however, did not ask for the jury's finding on the ultimate legal issue in the case. Indeed, if the first interrogatory had asked the jury for its ultimate finding on whether the plaintiff had proven the tort of negligence, answers to

---

[3] "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Stein* v. *Tong*, 117 Conn. App. 19, 27, 979 A.2d 494 (2009). Furthermore, "the plaintiff must prove both causation in fact and proximate cause." (Internal quotation marks omitted.) *Burton* v. *Stamford*, 115 Conn. App. 47, 76, 971 A.2d 739, cert. denied, 293 Conn. 912, 978 A.2d 1108 (2009).

the subsequent questions regarding proximate causation would have been superfluous. Rather, as explained by the court in its instructions, negligence "is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care." The first interrogatory, therefore, asked the jury to determine only whether the defendant had breached a duty, not whether such breach was the proximate cause of the plaintiff's injuries.

The plaintiff has not met his burden on appeal of showing that the court's instructions to the jury misled it in such a way as to prejudice the plaintiff. He did not, at trial, object to the form of the interrogatories or challenge the court's four part definition of the law of negligence, and he cannot do so now.

## II

The plaintiff next claims that the jury instructions were improper because the court did not instruct the jury to consider the size of the defendant's vehicle as one of the particular circumstances to be considered when determining the care that the defendant should have exercised. The tractor trailer driven by the defendant was the largest legally allowed on the road, and the plaintiff argues that the court should have drawn the jury's attention to that fact. We are not persuaded.

The court instructed the jury concerning the duty of care owed by the defendant as follows: "It is not the care which you personally think the defendant, William Berselli, ought to have used. Instead, you must determine the question by placing an ordinarily prudent person in the situation of the defendant and ask yourselves what would such a person have done? All of the surrounding circumstances must be considered.

"In circumstances of slight danger, a slight amount of care might be sufficient to constitute reasonable care,

while in circumstances of great danger, a correspondingly great amount of care would be required to constitute reasonable care." The court went on to address four of the specific ways that the defendant was alleged to have acted negligently—not maintaining reasonable speed, failing to keep a proper lookout, failing to maintain control over his vehicle and failing to give a warning to the plaintiff. With respect to each negligence allegation, the court indicated that the jury should consider the circumstances existing at the time of the accident in determining whether the defendant had been negligent.

In denying the plaintiff's motion to set aside the verdict, the court held that "[t]he fact that the . . . defendant operated a large tractor trailer truck was undisputed. It was the subject of much of the testimony, the photos that [the jurors] had before them, the police reports, the expert reports and the expert analyses. . . . To assume that the jury required a reminder that the defendant drove a big tractor trailer truck through the intersection and that it could not grasp the significance of that fact when applying the court's specific instructions on unreasonable speed, failure to keep a proper lookout and proper control, etc., would unreasonably belittle the ordinary juror's memory and intelligence."

The plaintiff cites *Mazzucco* v. *Krall Coal & Oil Co.*, 172 Conn. 355, 357, 374 A.2d 1047 (1977), for the proposition that "[i]t is the law of this state that a request to charge which is relevant to the issues of a case and which is an accurate statement of the law must be given. . . . It is, however, also the law of this state that a refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance." (Citations omitted.) Id. The plaintiff maintains that, in the present case, the court not only failed to give the requested charge verbatim, but also failed to give it in substance, as *Mazzucco* requires. According

to the plaintiff, the denial of his request to charge left it to the jury to determine the circumstances that it would consider and permitted the jury to focus on the care that a reasonably prudent person driving an average sized vehicle would have taken, rather than the care required by a person driving a vehicle the size of the defendant's tractor trailer. We are not persuaded.

The court's instructions made it clear to the jury that it must consider *all* circumstances of the accident. The jury heard the defendant's uncontested testimony describing the size of his vehicle. This record furnishes no basis for us to speculate that the jury ignored the facts as presented. We agree with the court that it did not need to describe "every item of evidence or physical fact which might bear on the jury's decision." See, e.g., *Hammer* v. *Mount Sinai Hospital*, 25 Conn. App. 702, 714, 596 A.2d 1318 ("[i]f the issues are clearly enumerated and the argument of counsel has fairly presented the case, a discussion in the charge of the details of the evidence may defeat its proper purpose" [internal quotation marks omitted]), cert. denied, 220 Conn. 933, 599 A.2d 384 (1991).

## III

The plaintiff's final claim is that the court improperly failed to honor his request for an instruction that the jury consider the special duty owed to workers in road construction work zones.[4] The plaintiff cites *Viretto* v.

---

[4] To the extent that the plaintiff argues on appeal that the defendant had a heightened duty of care due owing to the fact that the plaintiff was working in a road construction work zone when the injury occurred, the plaintiff's claim has not been preserved properly. Although the plaintiff made a request for specific instructions, the request did not refer to any heightened duty as a matter of law, such as the plaintiff now argues existed. After the instructions were given, the plaintiff made no reference to a heightened duty of care. The memorandum of law supporting the plaintiff's motion to set aside the verdict made only passing reference to a heightened standard of care, and the argument was not addressed by the trial court in its ruling. We, therefore, decline to address the claim on appeal. See, e.g., *Lin* v. *National Railroad Passenger Corp.*, 277 Conn. 1, 14, 889 A.2d 798 (2006).

*Tricarico*, 116 Conn. 718, 165 A. 345 (1933), in support of this claim.

The plaintiff requested the following instruction, which the court declined to give: "Here, the [d]efendant, in driving through the intersection, where he knew construction to be taking place, and where he knew workmen were engaged, was under a duty to exercise care not to injure those workers proportionate to the danger inherent in the situation. This includes the fact that the workers might have their attention so focused upon their work as to not be watchful for traffic. Additionally, the plaintiff was entitled to assume that the driver of any vehicle passing through the intersection would exercise the degree of care incumbent upon him in such a situation and, if the vehicle was to pass so close to him, that the driver would at least give a warning."

The court instead instructed the jury: "[A]n operator has a duty to decrease speed when a special hazard exists with respect to other traffic or by reason of weather or other highway conditions. The plaintiff maintains that the highway construction occurring near the intersection constituted just such a special condition warranting the defendant to drive his truck at a decreased speed. Whether the defendant drove his truck unreasonably fast at the time of the accident is a question for you, the jury, to determine after a consideration of all the surrounding circumstances which you find existed at the time." In addition, with respect to warnings, the court instructed the jury: "Reasonable care requires . . . that when a driver observes that another person is near or about to enter his course of travel where a reasonably prudent person would feel that some signal ought to be given, the driver should sound his horn to give warning of his approach." Finally, as previously noted, the court also instructed the jury that the care owed by the defendant was relative to the risk involved in the situation in which he found himself.

*Viretto* v. *Tricarico*, supra, 116 Conn. 718, involved facts similar to the present case, in that a plaintiff who was working on road construction was injured by an automobile driven through that work zone. In that case, our Supreme Court, in the language relied on by the plaintiff, stated that "[i]t was the duty of the defendant driver in passing over the highway, which was not open to ordinary traffic and upon the construction of which he knew workmen were engaged, to exercise care not to injure them proportionate to the danger inherent in the situation, including the fact they might well have their attention so engaged upon their work as not to be watchful for traffic; and on the other hand, such workmen had the right to assume that any driver of a vehicle upon the road would exercise such care." Id., 719–20. The Supreme Court then affirmed a jury verdict in favor of the plaintiff, stating: "The evidence affords sufficient basis for a finding by the jury that the defendant driver was negligent, and we cannot hold as a matter of law that the plaintiff was guilty of contributory negligence." Id., 720.

In the present case, the court's instructions were consistent with the holding of *Viretto* even though they were not identical to the language in the plaintiff's requested instructions. It sufficed for the court to inform the jury that the defendant owed the plaintiff a duty of care appropriate to the danger inherent in the situation, that the defendant had a duty to warn the plaintiff if it was reasonable to do so, and that the construction zone was a special circumstance that might have required the defendant to lower his speed. We are, therefore, not persuaded by the plaintiff's claim that the instructions given to the jury in this case unfairly presented his case to the jury.

The judgment is affirmed.

In this opinion the other judges concurred.