AMI LACHOWICZ *v.* MATTHEW RUGENS
(AC 30574)

Harper, Alvord and Mihalakos, Js.

Argued December 2, 2009—officially released March 16, 2010

*Anthony V. Federice,* for the appellant (plaintiff).

*Maribeth M. McGloin,* for the appellant (intervening plaintiff).

*Peter D. Clark,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Ami Lachowicz,[1] appeals from the summary judgment rendered by the trial court in favor of the defendant, Matthew Rugens, in this negligence action. The plaintiff claims that the court improperly granted the defendant's motion for summary judgment after concluding that the defendant owed no legal duty to her. We affirm the judgment of the trial court.

The record reveals the following facts. It is undisputed that on June 12, 2005, the plaintiff and the defendant were volunteer firefighters for the New Hartford volunteer fire department (department). On that date, the defendant was to drive the department rescue truck to a nearby lake to conduct a cold water training session. At the time when the plaintiff boarded the truck, she was wearing a full, one piece cold water rubber rescue suit. Prior to the plaintiff's attempting to climb into the truck, the ignition switch of the vehicle was in the on position, and the vehicle's engine was in operation. It is also undisputed that there was no forward movement of the fire truck at any time. The affidavit of the defendant attested to the fact that, although there was a vibration as a result of the engine having been turned on, there was no motion of the vehicle because the truck was in park.

In her complaint, the plaintiff alleges that as she was attempting to board the fire truck, she slipped and injured her knee. She alleges that the defendant was negligent in operating the fire truck by turning on its engine before allowing her to enter the vehicle safely,

---

[1] Prior to ruling on the summary judgment motion at issue in this appeal, the trial court granted the motion filed by the town of New Hartford to intervene as a plaintiff and to file a complaint against the defendant, Matthew Rugens, for reimbursement of workers' compensation benefits that allegedly had been paid to Lachowicz. For convenience, we refer in this opinion to Lachowicz as the plaintiff.

and, as a result thereof, the vibration of the vehicle caused her to fall off the vehicle. The plaintiff argues that it was foreseeable to the defendant that the plaintiff would be injured if he started the fire rescue truck's engine prior to her boarding. We disagree with the plaintiff's contention that the harm that resulted from the defendant's operation of the fire rescue truck was foreseeable to the defendant, and, as a result, we conclude that the court properly granted the motion for summary judgment.

At the outset we note our standard of review. "Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Thus, because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary . . . ." (Citations omitted; internal quotation marks omitted.) *Heussner* v. *Day, Berry & Howard, LLP*, 94 Conn. App. 569, 572–73, 893 A.2d 486, cert. denied, 278 Conn. 912, 899 A.2d 38 (2006).

"The existence of a duty of care is a prerequisite to a finding of negligence." *Gomes* v. *Commercial Union Ins. Co.*, 258 Conn. 603, 614, 783 A.2d 462 (2001). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand." (Internal quotation marks omitted.) *Mendillo* v. *Board of Education*, 246 Conn. 456, 483, 717 A.2d 1177 (1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384–85, 650 A.2d 153 (1994).

Our Supreme Court has stated that "the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's

position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) *Lodge* v. *Arett Sales Corp.*, 246 Conn. 563, 572, 717 A.2d 215 (1998).

"Our first step in an analysis of whether a duty exists and the extent of the defendant[s'] duty . . . is to determine the foreseeability of the plaintiff[s'] injury . . . ." (Internal quotation marks omitted.) Id. It is a well established tenet of our tort jurisprudence, however, that "[d]ue care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. See *Palsgraf* v. *Long Island R. Co.*, 248 N.Y. 339, 345, 162 N.E. 99 [1928] . . . . [A] defendant [is] not required to take precautions against hazards [that are] too remote to be reasonably foreseeable. . . . Due care is always predicated on the existing circumstances." (Citations omitted; internal quotation marks omitted.) *Lodge* v. *Arett Sales Corp.*, supra, 246 Conn. 575.

The plaintiff asserts that the court improperly determined that the defendant did not owe her a duty of care. Having carefully reviewed the pleadings and evidentiary submissions to the court, we agree with the court's thoughtful and well reasoned findings in its memorandum of decision. As the court aptly stated, "[t]he defendant was the operator of a fire rescue vehicle, which is required to respond quickly and efficiently to emergency type situations. It would not be unreasonable for such a vehicle's engine to be turned on before responding to a routine or actual drill. Furthermore, there is nothing alleged in the complaint that such a practice is in violation of any fire department policy or

manual. In addition, there is nothing in the complaint to indicate that said vehicle was anything but a normal fire rescue vehicle that was operating in accordance with fire department policy and procedure. Last, there is no allegation in the complaint that indicates that said vehicle was defective and/or vibrating at an excessive or dangerous level. In fact, the defendant states in his affidavit that 'there is some vibration when the fire rescue truck is turned on, which is normal, and the amount of vibration was no different on June 12, 2005 than it was on any other prior occasion . . . .' Thus, it was not foreseeable to the defendant that by the mere act of turning on the ignition of a standard fire rescue vehicle he would cause injury to the plaintiff or to any firefighter who has training and experience in mounting and/or entering a standard fire vehicle." (Citation omitted.)

Our examination of the record persuades us that the court resolved the principles of law involved properly and that its judgment should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the appeal, we adopt it as a proper statement of the facts and applicable law on those issues. See *Lachowicz* v. *Rugers*, 51 Conn. Sup. 393, 990 A.2d 935 (2009). It would serve no useful purpose for us to further address the discussion contained therein. See *Smith* v. *Trinity United Methodist Church of Springfield, Massachusetts*, 263 Conn. 135, 136, 819 A.2d 225 (2003).

The judgment is affirmed.

In this opinion the other judges concurred.