MARIE E. SIC *v.* MICHAEL E. NUNAN
(AC 32196)

Bishop, Alvord and Bear, Js.

Argued March 11—officially released May 17, 2011

*M. Hatcher Norris*, with whom, on the brief, was *J. Anthony Doran*, for the appellant (plaintiff).

*Thomas A. Kyzivat*, for the appellee (defendant).

*Opinion*

BISHOP, J. In this action arising from a motor vehicle accident, the plaintiff, Marie E. Sic, appeals from the

summary judgment rendered by the trial court in favor of the defendant, Michael E. Nunan. On appeal, the plaintiff claims that the court improperly determined as a matter of law that the defendant did not owe her a legal duty of care. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

On September 24, 2008, the plaintiff filed this negligence action seeking to recover damages for personal injuries that she sustained as a result of a motor vehicle accident that occurred between herself and the defendant. The defendant filed a motion for summary judgment claiming that he was entitled to judgment as a matter of law because he did not owe the plaintiff a legal duty. For the purposes of the defendant's motion for summary judgment, the following facts are undisputed. On September 21, 2007, the defendant was traveling on Route 66 in Hebron. He stopped at an intersection to wait for a break in oncoming traffic so that he could turn left. While he was stopped, his vehicle was struck in the rear by a vehicle operated by Jessica Thoma,[1] and his vehicle was propelled into the lane of oncoming traffic, where it collided with the plaintiff's vehicle.

In her complaint, the plaintiff alleged that the defendant was negligent in that he, inter alia,[2] "had stopped his vehicle in such a position that he was not facing

[1] Jessica Thoma is not a party to this action.

[2] The plaintiff also alleged in her complaint that the defendant failed to brake or to turn to avoid colliding with the plaintiff, failed to keep a proper lookout "for traffic approaching from behind" and "failed to drive in [his] established lane in violation of . . . General Statutes § 14-236." In an affidavit provided in support of his motion for summary judgment, the defendant indicated that he did not have time to avoid colliding with the plaintiff's car once he was struck by Thoma. The court concluded that there was no evidence submitted that the defendant had violated § 14-236 and that "an ordinarily prudent driver in the defendant's situation [would have] lacked sufficient time to brake or turn after being rear-ended to escape colliding with the plaintiff's vehicle." The court's conclusions in this regard are not challenged on appeal. Thus, the only remaining allegations of negligence concern the direction of the defendant's vehicle and its tires.

directly ahead" and that he "had stopped [his vehicle with] his wheels turned to the left, in such a manner that were he to be impacted from the rear . . . his vehicle would move into the lane of travel of any oncoming vehicle rather than straight ahead."

In support of his motion for summary judgment, the defendant provided an affidavit in which he stated that, when his vehicle was struck by Thoma's, he was stopped at the intersection preparing to turn left and he was in his own travel lane until he was hit. In opposition to the motion, the plaintiff submitted an affidavit of John C. Swanson, Jr., an accident reconstructionist, who opined that the defendant's vehicle was pushed ahead and to the left, rather than straight forward, because the front tires of the defendant's vehicle were turned to the left at the time the defendant was stopped at the intersection and struck by Thoma. The defendant did not dispute Swanson's opinion. The plaintiff also submitted the transcript of the deposition testimony of James MacPherson, a master driving instructor. Mac-Pherson testified that, although there is no statute or regulation requiring a driver to keep the wheels of his or her vehicle straight when waiting to turn, proper and safe driving practice requires that they be kept straight.

The court granted the defendant's motion for summary judgment, emphasizing that drivers are entitled to assume that other drivers are operating their vehicles safely. The court determined that a driver who is stopped while preparing to make a left turn does not owe a duty of care to oncoming drivers to "foresee and defend against the general possibility that a third driver will violate the law, or otherwise operate unsafely, and smash into the rear of his or her stopped vehicle and thrust it into the path of oncoming traffic." The court, therefore, concluded that the defendant was "under no duty to defend the plaintiff against such an eventuality

by having his wheels positioned in a particular direction." This appeal followed.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Brooks* v. *Sweeney*, 299 Conn. 196, 210, 9 A.3d 347 (2010).

Negligence "is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care." (Internal quotation marks omitted.) *Phaneuf* v. *Berselli*, 119 Conn. App. 330, 336, 988 A.2d 344 (2010). "A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 53, p. 356. The issue of whether a duty exists is a question of law that is subject to plenary review. *LePage* v. *Horne*, 262 Conn. 116, 123, 809 A.2d 505 (2002).

Our Supreme Court has defined duty as "a legal conclusion about relationships between individuals, made

after the fact, and imperative to a negligence cause of action. . . . The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . [In other words], would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Internal quotation marks omitted.) *Monk* v. *Temple George Associates, LLC*, 273 Conn. 108, 115, 869 A.2d 179 (2005); *Borsoi* v. *Sparico*, 141 Conn. 366, 369–70, 106 A.2d 170 (1954).

"An operator of a motor vehicle is always under a duty to exercise reasonable care . . . and to keep a reasonable lookout for persons or traffic that he or she is likely to encounter." (Citation omitted.) *State* v. *Carter*, 64 Conn. App. 631, 642, 781 A.2d 376, cert. denied, 258 Conn. 914, 782 A.2d 1247 (2001). Thus, generally, as an operator of a motor vehicle, the defendant was under a duty to use reasonable care and to keep a reasonable lookout for persons or traffic that he was likely to encounter. More specifically, as a motorist waiting for a break in oncoming traffic to make a turn, the defendant had a duty to the plaintiff to exercise reasonable care not to cross his vehicle into her lane of traffic and strike her vehicle. In granting the defendant's motion for summary judgment on this issue, we believe that the court incorrectly focused on whether the defendant had a specific duty to the plaintiff to keep the wheels of his vehicle in a forward alignment rather than the more general duty that the defendant had to the plaintiff to exercise reasonable care to avoid traveling into her lane of traffic. The specific issue regarding the angle of the defendant's vehicle or the positioning of his wheels toward oncoming traffic goes to the question of whether the defendant was negligent, an inherently factual determination. Because the question of whether the defendant breached his duty of care to the plaintiff

in the negligent manner alleged by the plaintiff is a question of fact for the jury, the issue should not have been determined by summary judgment.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion BEAR, J., concurred.

ALVORD, J., dissenting. In hindsight, virtually all harms are literally foreseeable. *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 386, 650 A.2d 153 (1994). For that reason, "[i]n every case in which a defendant's negligent conduct may be remotely related to a plaintiff's harm, the courts must draw a line, beyond which the law will not impose legal liability." *Lodge* v. *Arett Sales Corp.*, 246 Conn. 563, 578, 717 A.2d 215 (1998). Otherwise, the imperfect vision of reasonable foreseeability would be converted into the perfect vision of hindsight. Id. I respectfully dissent because I conclude that the defendant, Michael E. Nunan, who had stopped his vehicle in his travel lane and was waiting to make a left turn, had no duty to the drivers traveling in the opposite direction to keep his wheels positioned in a particular manner to avoid being pushed into their path in the event he was rear-ended.

The majority opinion correctly states that the only allegation of negligence being addressed on appeal concerns the direction of the defendant's vehicle and its tires. See footnote 2 of the majority opinion. Basically, the plaintiff, Marie E. Sic, claims that the defendant owed her the duty to anticipate that he would be struck from behind by another vehicle as he was stopped in his proper travel lane, waiting for a safe opportunity to make a left turn, and, therefore, he should have kept the wheels of his vehicle straight so that he would have been pushed forward rather than into the path of her vehicle. The trial court succinctly and properly framed

the dispositive issue as "whether a driver, who is stopped while preparing to make a left turn, owes a duty of care to oncoming drivers to foresee and defend against the general possibility that a third driver will violate the law, or otherwise operate unsafely, and smash into the rear of his or her stopped vehicle and thrust it into the path of oncoming traffic."[1] The court concluded that, under the circumstances of this case, no such duty existed. I agree.

The existence of a duty is a question of law. *Leon* v. *DeJesus*, 123 Conn. App. 574, 576, 2 A.3d 956 (2010). If a court determines, as a matter of law, that the defendant owes no duty to the plaintiff, the plaintiff cannot recover in negligence from the defendant. *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 868, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010). "[T]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." (Internal quotation marks omitted.) *Mozeleski* v. *Thomas*, 76 Conn. App. 287, 290, 818 A.2d 893, cert. denied, 264 Conn. 904, 823 A.2d 1221 (2003).

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty;

---

[1] The trial court did not focus on the direction of the tires of the defendant's vehicle when it was rear-ended by the vehicle driven by Jessica Thoma. The defendant has not conceded that his wheels were turned to the left, as alleged by the plaintiff. That factual determination, however, is not material to the issue on appeal. The issue is whether an individual in the defendant's position should have anticipated being hit from behind and have taken precautionary measures to avoid hitting any other vehicles when his vehicle was propelled by the collision.

Query if the defendant had stopped to make the left turn and a motorcycle, also waiting to make a left turn, had been in front of him. Would the defendant then have had the duty to turn his wheels to the left to avoid hitting the motorcycle when he was rear-ended, or would the defendant have had the duty to keep his wheels straight to avoid hitting the plaintiff's vehicle in the oncoming traffic? To whom would the defendant have owed the duty of care? Does the duty to one driver supersede the duty to the other?

causation; and actual injury. . . . Duty is a legal con-
clusion about relationships between individuals, made
after the fact, and [is] imperative to a negligence cause
of action. . . . Thus, [t]here can be no actionable negli-
gence . . . unless there exists a cognizable duty of
care. . . . [T]he test for the existence of a legal duty
entails (1) a determination of whether an ordinary per-
son in the defendant's position, knowing what the
defendant knew or should have known, would antici-
pate that harm of the general nature of that suffered
was likely to result, and (2) a determination, on the basis
of a public policy analysis, of whether the defendant's
responsibility for its negligent conduct should extend
to the particular consequences or particular plaintiff in
the case. . . ."[2]

"A simple conclusion that the harm to the plaintiff
was foreseeable . . . cannot by itself mandate a deter-
mination that a legal duty exists. Many harms are quite
literally foreseeable, yet for pragmatic reasons, no
recovery is allowed. . . . [D]uty is not sacrosanct in
itself, but is only an expression of the sum total of those
considerations of policy which lead the law to say that
the plaintiff is entitled to protection. . . . While it may
seem that there should be a remedy for every wrong,
this is an ideal limited perforce by the realities of this
world. *Every injury has ramifying consequences, like
the rippling of the waters, without end. The problem
for the law is to limit the legal consequences of wrongs
to a controllable degree.* . . . The final step in the duty
inquiry, then, is to make a determination of the funda-
mental policy of the law, as to whether the defendant's

---

[2] To establish the existence of a legal duty, the plaintiff must satisfy
both prongs of the two part test. The absence of foreseeability, which is a
necessary component of duty, forecloses the existence of a duty of care.
There is no need to perform an analysis under the foreseeability prong,
however, if a duty is not found to exist under the public policy prong of
the test. *Ryan Transportation, Inc.* v. *M & G Associates*, 266 Conn. 520,
528–29, 832 A.2d 1180 (2003).

responsibility should extend to such results." (Citation omitted; emphasis added; internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 29–30, 930 A.2d 682 (2007).

With respect to the test of foreseeability, "due care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. See *Palsgraf* v. *Long Island R. Co.*, 248 N.Y. 339, 345, 162 N.E. 99 [1928] . . . . Due care is always predicated on the existing circumstances." (Citations omitted; internal quotation marks omitted.) *Lodge* v. *Arett Sales Corp.*, supra, 246 Conn. 575. "Liability may not be imposed merely because it might have been foreseeable that some accident could have occurred; rather, liability attaches only for *reasonably* foreseeable consequences." (Emphasis in original.) Id., 577.

In the present case, I would conclude that the plaintiff's injury was not a foreseeable consequence of the defendant's conduct. It is undisputed that the defendant's vehicle was stopped and in its proper travel lane. His vehicle was then rear-ended by another driver's vehicle. The defendant was "entitled to assume that other users of the highway will obey the law, including lawful traffic regulations, and observe reasonable care, until he knows or in the exercise of reasonable care should have known that the assumption has become unwarranted." *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 596, 169 A. 613 (1933). As noted by the trial court in its memorandum of decision, "[n]o evidence was proffered . . . that the defendant possessed any specific information that would have caused an ordinarily vigilant driver to know that another vehicle was about to collide violently into the rear of his properly stopped car." Further, as acknowledged by the plaintiff's expert in his deposition testimony, there is no statute or regulation requiring a driver to keep his vehicle's wheels straight when waiting to turn. Finally, it

was not the position of the defendant's wheels that caused the plaintiff's injury, but, rather, it was Jessica Thoma's vehicle pushing the defendant's vehicle into the plaintiff's vehicle that caused the injury. Under these circumstances, I believe it was appropriate for the trial court to render summary judgment on the ground that the defendant did not owe the plaintiff a legal duty of care.

Because I would conclude that the plaintiff fails to meet the foreseeability prong of the test for a duty of care, it is not necessary to address the public policy prong of that test. See footnote 2 of this dissenting opinion. Nevertheless, I fail to see any public policy reason for extending the duty of care to the plaintiff in this case. In considering whether public policy suggests the imposition of a duty, "[a court is to] consider the following four factors: (1) the normal expectations of the participants in the activity under review; (2) the public policy of encouraging participation in the activity, while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions."[3] (Internal quotation marks omitted.) Monk v. Temple George Associates, LLC, 273 Conn. 108, 118, 869 A.2d 179 (2005). Not one of the four factors leads me to the conclusion that public policy would favor imposing liability on the driver of a stopped vehicle who, without any evidence that he knew or should have known that he was about to be rear-ended, is pushed into the path of an oncoming vehicle.

I therefore conclude that, under the particular circumstances of this case, the defendant cannot be held

[3] With respect to the fourth factor, courts in New York and the District Court in New Jersey have concluded that no legal duty exists under similar circumstances. See Ross v. Szoke, 196 Misc. 2d 588, 763 N.Y.S.2d 389 (2003); Stretch v. Tedesco, 263 App. Div. 2d 538, 693 N.Y.S.2d 203 (1999); Fiscella v. Gibbs, 261 App. Div. 2d 572, 690 N.Y.S.2d 713 (1999); Lipski v. Vanselous, United States District Court, Docket No. 04-6009, 2006 U.S. Dist. LEXIS 2334 (D. N.J. January 18, 2006).

liable to the plaintiff for her injury caused by his vehicle when it was rear-ended and pushed into her vehicle. The law should not countenance the extension of legal responsibility to such an attenuated result. I would affirm the judgment of the trial court and, accordingly, I respectfully dissent.