## IN RE PROBATE APPEAL OF RED KNOT ACQUISITIONS, LLC, ET AL.*
### (AC 34900)

DiPentima, C. J., and Keller and Mihalakos, Js.

---

\* The appeal in this case was originally filed with the caption *Red Knot Acquisitions, LLC, et al.* v. *Appeal from Probate.* The caption has been changed to reflect that the Appeal from Probate is not a party. We note that the microfiche version of the Appellate Court Record and Briefs in this case will be found under the original caption.

Argued September 23—officially released December 10, 2013

*Brian P. Daniels*, for the appellants (plaintiffs).

*C. Donald Neville*, for the appellee (defendant Cadle Company).

*Opinion*

MIHALAKOS, J. The plaintiffs, Red Knot Acquisitions, LLC, and Greg Garvey, appeal from the judgment of the trial court dismissing the plaintiffs' appeal from the order of the Probate Court granting the plaintiffs' motion to quash subpoenas. On appeal, the plaintiffs claim that the trial court erred in finding that no practical relief was available to the plaintiffs because the Probate Court had granted the motion to quash subpoenas on a limited basis, which amounts to aggrievement. We affirm the judgment of the trial court.

The defendant, the Cadle Company, is an unsecured creditor of the estate of F. Francis D'Addario (estate).

In 2010, the defendant obtained a judgment against the estate for three million dollars. On July 15, 2011, the defendant served subpoenas upon the plaintiffs, also creditors of the estate, seeking the production of documents and deposition testimony concerning the assets of the estate. Shortly thereafter, the plaintiffs filed motions to quash the subpoenas with the Probate Court. The plaintiffs argued, among other things, that (1) discovery was barred by the doctrines of collateral estoppel and res judicata, and (2) the requested information could be obtained from the executors of the estate. On December 8, 2011, the Probate Court granted the plaintiffs' motion to quash, agreeing that the requested information could be obtained from the executors.

The plaintiffs then appealed to the trial court from the Probate Court's order granting the motion to quash, seeking to have the subpoenas quashed permanently and unconditionally under the doctrines of collateral estoppel and res judicata. The defendant moved to dismiss the appeal for lack of standing. The trial court granted the motion to dismiss because the plaintiffs lacked standing, as the Probate Court had granted their motion to quash.[1] This appeal followed.

The plaintiffs claim that they had standing before the trial court because the Probate Court did not grant their motion to quash in full, such that they were aggrieved by the partial denial as it adversely affected their interest in avoiding further unwarranted discovery and their interest in the estate.[2] We disagree and affirm the judgment of the trial court.

---

[1] Although the trial court's decision used language that is more commonly associated with the concept of mootness, the logic of the decision amounts to a determination that the plaintiffs lacked standing for failing to establish aggrievement. Thus, we do not address the plaintiffs' claims regarding mootness. See *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91, 952 A.2d 1 (2008) ("[t]he determinative factor [in construing a judgment] is the intention of the court as gathered from all parts of the judgment").

[2] Although the plaintiffs address both classical and statutory aggrievement in their briefs, each claimed basis for standing hinges on a determination

"In order to prosecute an appeal from a Probate Court, it is necessary that the plaintiff be aggrieved within the meaning of [General Statutes] § 45-288 [now General Statutes § 45a-186]. Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. [T]he frequent statement that a plaintiff, to be aggrieved, must have a pecuniary interest . . . is too narrow to deal with the various types of cases presented by appeals from probate. . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. . . . The issue of whether [a party] was aggrieved under § 45-288 [§ 45a-186] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail." (Citations omitted; internal quotation marks omitted.) *Erisoty's Appeal from Probate*, 216 Conn. 514, 519–20, 582 A.2d 760 (1990). The question of whether an order from probate aggrieves a party concerns a trial court's subject matter jurisdiction, and therefore our review is plenary. See *Buchholz's Appeal from Probate*, 9 Conn. App. 413, 416, 519 A.2d 615 (1987).

"As a general rule, a party that prevails in the [lower] court is not aggrieved. . . . Moreover, [a] party cannot be aggrieved by a decision that grants the very relief sought. . . . Such a party cannot establish that a specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *In re Allison G.*, 276 Conn. 146, 158, 883 A.2d 1226 (2005). "One who has received in the [lower] court all the relief that he or she has sought

that the Probate Court's order was essentially a partial denial of their motion to quash that adversely affected their interests and we, therefore, consider their arguments as to standing as a single claim.

therein is not aggrieved by the judgment and has no standing to appeal. In particular, a litigant has no right to appeal a judgment in his favor merely for the purpose of having the judgment based on a different legal ground than that relied upon by the [lower] court . . . ." (Internal quotation marks omitted.) Id., quoting 5 Am. Jur. 2d 47, Appellate Review § 276 (1995).

In the present case, the plaintiffs presented to the Probate Court various legal grounds on which to grant their motion to quash, including the ground on which the Probate Court ultimately relied. The plaintiffs requested only one form of relief, that the subpoenas be quashed, which the Probate Court provided. The Probate Court granted the motion to quash on the ground that the information sought could be obtained from the executors, but it did not make a specific ruling as to any of the plaintiffs' additional arguments for granting that motion. As such, the plaintiffs cannot establish that a specific legal interest was affected adversely by the Probate Court's order.[3] Accordingly, they were not aggrieved by the Probate Court's order. Therefore, the trial court properly dismissed the plaintiffs' appeal from that order for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] With regard to the plaintiffs' concerns that the Probate Court's order will act to preclude the plaintiffs from arguing the doctrines of res judicata and collateral estoppel in future proceedings, we note that the Probate Court's order did not necessarily determine those issues. See *Jewish Home for Elderly of Fairfield County, Inc.* v. *Cantore*, 96 Conn. App. 326, 333, 901 A.2d 49 (2006) ("[a]n issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered" [internal quotation marks omitted]); *Heussner* v. *Day, Berry & Howard, LLP*, 94 Conn. App. 569, 573, 893 A.2d 486 ("[i]f an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action" [internal quotation marks omitted]), cert. denied, 278 Conn. 912, 899 A.2d 38 (2006).