## JANINE CANNIZZARO *v.* STEPHAN MARINYAK ET AL.
## (AC 33278)

Gruendel, Lavine and Borden, Js.

Argued September 6—officially released December 25, 2012

*Kevin S. Coyne,* for the appellant (plaintiff).

*Joseph M. Musco,* with whom, on the brief, was *Joshua A. Yahwak,* for the appellee (defendant Diane Jennings Mayo).

*Opinion*

BORDEN, J. The issue before this court is the scope of an employer's duty for the tortious conduct of an employee, outside the scope of his employment, that occurred off the employer's premises. The plaintiff, Janine Cannizzaro, commenced this action after she was injured in an automobile accident with the defendant Stephan Marinyak. At the time of the accident, Marinyak was an employee of the defendant Diane Jennings Mayo, a homeowner in Redding.[1] The plaintiff appeals from the summary judgment rendered in favor of the defendant. On appeal, the plaintiff claims that the trial court improperly concluded that, under the facts of the case, the defendant did not owe her a duty of care. We agree with the trial court and, accordingly, affirm the judgment.

On February 19, 2008, the plaintiff filed a six count amended complaint against Marinyak, Town Fair Tire and the defendant. Counts four, five, and six are against the defendant, alleging negligent supervision, negligent service of alcohol and reckless service of alcohol, based

---

[1] The defendant Stephan Marinyak, the apportionment defendant Town Fair Tire, the third party defendant Rana Saleh, doing business as Getty Barnum Mart, and the substitute third party defendant Adan Rahim, doing business as Getty Barnum Mart, are not parties to this appeal. For convenience, we refer in this opinion to Diane Jennings Mayo as the defendant and to Stephan Marinyak by name.

on claims that Marinyak and other employees of the defendant regularly drank alcohol while working at the defendant's home, including on the day of the accident. The defendant moved for summary judgment on the ground that she owed no duty of care to the plaintiff. The trial court granted the motion and rendered judgment for the defendant on counts four, five and six of the complaint. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the motion for summary judgment because there was a question of fact affecting the legal determination of whether the defendant owed a duty of care to the plaintiff. Specifically, the plaintiff claims that, because the defendant was negligent in failing to supervise Marinyak's consumption of alcohol while working on her premises,[2] the defendant owed her a duty of care that was breached when Marinyak, driving while intoxicated, collided with the plaintiff, causing her injuries. In this connection, the plaintiff claims that there was a question of fact disclosed by the evidence submitted in opposition to the motion for summary judgment regarding Marinyak's consumption of alcohol on the defendant's premises and the defendant's constructive

---

[2] Although the plaintiff alleged that the defendant personally served alcohol to the defendant on the day of the accident and other times, the defendant's uncontradicted affidavit stated that she was in Florida on the day of the accident and never at any time personally served alcohol to the defendant, and Marinyak testified in his deposition that the defendant never provided alcohol to him and never saw him drinking on the premises. It is clear, therefore, from the plaintiff's appellate brief that the basis of this allegation of negligent or reckless service of alcohol is that Marinyak and other employees consumed alcohol on the defendant's premises for approximately a year and one-half "on a regular basis and [this consumption] was never hidden . . . stopped or prevented. . . . Further, since [the defendant's] supervisor [at the work site] was aware of the consumption of alcohol as well as all employees, this knowledge and awareness was imputed to [the defendant]." We therefore consider the plaintiff's claim in this case to be essentially that the defendant is liable for Marinyak's tortious conduct because of her negligent supervision of the consumption of alcohol by him on her premises as her employee, resulting in the plaintiff's injuries.

knowledge thereof. We conclude that, although the plaintiff produced sufficient evidence to establish a question of fact regarding the defendant's constructive knowledge of Marinyak's consumption of alcohol on the defendant's premises, nonetheless, as a matter of law, the defendant did not owe a duty of care to the plaintiff.

The following facts are undisputed for purposes of this appeal. During the afternoon of January 29, 2007, while driving northbound on Route 15 in Fairfield County, Marinyak attempted to maneuver his vehicle to pass the plaintiff's vehicle. He collided with the plaintiff's vehicle causing the plaintiff catastrophic injuries, including the amputation of her leg and a traumatic brain injury. Investigation by the state police determined that Marinyak was under the influence of alcohol at the time of the accident and had a blood alcohol level of 0.19 percent. Marinyak worked for the defendant as a plasterer and painter during the renovation of her home. Shortly before the accident, Marinyak had left the work site at the defendant's home. In addition, there was sufficient evidence produced by the plaintiff in response to the defendant's summary judgment motion to establish that Marinyak and other employees of the defendant at her home regularly consumed alcohol while working on her premises for a period of approximately one and one-half years prior to the accident, and that, on the day of the accident, Marinyak had consumed alcohol there before leaving the premises in his car.

At the outset, we note our standard of review. "Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Thus, because the court's decision on a motion for summary judgment is a legal determination, our

review on appeal is plenary . . . ." (Citations omitted; internal quotation marks omitted.) *Heussner* v. *Day, Berry & Howard, LLP*, 94 Conn. App. 569, 572–73, 893 A.2d 486, cert. denied, 278 Conn. 912, 899 A.2d 38 (2006). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand." (Internal quotation marks omitted.) *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 868, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010). Accordingly, our review of this issue is plenary.

I

With respect to the duty of care owed by an employer to a third party injured by an employee for conduct outside the scope of employment, our Supreme Court has adopted the provisions of §§ 314 through 317 of the Restatement (Second) of Torts, and § 317 in particular.[3] See *Murdock* v. *Croughwell*, 268 Conn. 559, 566–70, 848 A.2d 363 (2004). In *Murdock*, the court rejected the plaintiff's contention that, pursuant to § 317, the defendant, the chief of the Hartford police department, owed a duty of care to the plaintiff for damages suffered in an off-duty, physical altercation with a Hartford police officer, Antonio Cancel, that took place off department premises. Id., 560–61, 570. The court reached this conclusion despite the facts that, as chief of police, the

---

[3] Section 317 of the Restatement (Second) of Torts states: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control."

defendant was "responsible for the efficiency, discipline, and the good conduct of the department, which he regulated through the department's code of conduct"; (internal quotation marks omitted) id., 562; which "allowed [the defendant] to discipline officers for inappropriate conduct, either on or off duty"; id.; and that one of the bases of the plaintiff's claim was the defendant's negligent failure to supervise Cancel properly. Id., 563.

The court stated: "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . [T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . .

"With respect to the second inquiry, namely, the policy analysis, there generally is no duty that obligates one party to aid or to protect another party. See 2 Restatement (Second), Torts § 314, p. 116 (1965). One exception to this general rule arises when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another. See W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 56, pp. 373–74; see also 2 Restatement (Second), supra, §§ 314A, 315 . . . . In

delineating more precisely the parameters of this limited exception to the general rule, this court has concluded that, [in the absence of] a *special relationship of custody or control*, there is no duty to protect a third person from the conduct of another." (Emphasis in original; internal quotation marks omitted.) *Murdock* v. *Croughwell*, supra, 268 Conn. 566.

Moreover, the court noted that one of those special relationships that, depending on the circumstances, may impose a duty to protect a third person from the conduct of another is that of master and servant, which is covered by § 317 of the Restatement (Second). See id., 569–70. In doing so, however, the court strongly implied that the contours of such special relationships should be viewed cautiously, because they constitute "exception[s] to the general rule that there is no duty to control the conduct of a third person." Id., 567. The court quoted § 314 of the Restatement (Second) of Torts: "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." (Internal quotation marks omitted.) Id. Thus, the court stated that it was "[m]indful that the starting point of [its] analysis is the general prohibition against imposing upon an individual a duty to control the conduct of a third party." Id.

Section 317 of the Restatement (Second) of Torts states in relevant part: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master . . . or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know

of the necessity and opportunity for exercising such control." Comment (b) to § 317 of the Restatement (Second) of Torts states: "A master is required to police his own premises . . . . On the other hand, the master as such is under no peculiar duty to control the conduct of his servant while he is outside of the master's premises, unless the servant is at the time using a chattel entrusted to him as servant." "Thus, the Restatement (Second) of Torts § 317 provides that an employer has no duty to control the conduct of an off-duty employee *except when the complained-of conduct occurs on the employer's premises*, utilizes a chattel of the employer's,[4] and the employer knows or has reason to know that he can control the employee and recognizes the necessity of so doing." (Emphasis added.) *Doe* v. *Federal Express Corp.*, 571 F. Sup. 2d 330, 333 (D. Conn. 2008) (employer not subject to liability for victim sexually abused by employee because abuse occurred off employer's premises, despite victim's claims that employee used employer's reputation to gain trust of victim's family, wore his company uniform when conducting abuse and used employer's telephone to contact victim's family), aff'd, 345 Fed. Appx. 670 (2d Cir. 2009).

Application of these principles to the facts of this case leads us to conclude that the defendant did not have a duty to protect the plaintiff from Marinyak's driving while intoxicated. We reach this conclusion for three reasons.

First, the "complained-of conduct" is precisely the driving while intoxicated, which occurred off the defendant's premises. See *Doe* v. *Federal Express Corp.*, supra, 571 F. Sup. 2d 333. Because § 317 represents an exception, not only to the general rule of prohibition against imposing a duty to control the conduct of

---

[4] There is no claim in the present case that Marinyak was using a chattel of the defendant, namely, the defendant's car.

another, but to the rule that, generally, a master is not liable for the conduct of his servant outside the scope of the employment; see 2 Restatement (Second), supra, § 317,[5] comment (a); it is clear to us that the language of § 317, namely, "so conducting himself as to create an unreasonable risk of bodily harm to [others]"; id., § 317; refers, not to the master's conduct, but to the servant's conduct. Thus, our focus must be, not on the allegedly tortious conduct of the defendant, namely, the negligent failure to supervise her employee while he was on her premises, but on the tortious conduct of Marinyak, which took place off those premises. Put another way, § 317 requires the court to ask whether the servant's tortious conduct took place on the master's premises. And the answer to that question in the present case is in the negative.

Second, this reading would be consistent with the caution one needs to exercise when interpreting the principles of these sections of the Restatement (Second), because, as out Supreme Court noted, they represent exceptions to the rule. See *Murdock* v. *Croughwell*, supra, 268 Conn. 566. A contrary conclusion would be inconsistent with that controlling case.

Third, this conclusion is consistent with the great majority of cases from other jurisdictions that have addressed the question, under § 317, of whether an employer owes a duty to a third person injured by an employee who consumed alcohol on the employer's premises. See, e.g., *Biel* v. *Alcott*, 876 P.2d 60, 63 (Colo. App. 1993) (plaintiff injured in collision with intoxicated driver sued intoxicated driver's employer for negligent

---

[5] Comment (a) to § 317 of the Restatement (Second) of Torts states: "The rule stated in this Section is applicable only when the servant is acting outside the scope of his employment. If the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency. See Restatement of Agency, Second, Chapter 7."

supervision in storing box of wine at place of employment that led to employee's intoxication and court affirmed summary judgment for employer, noting that employer has no duty to supervise off-duty employees unless employee is on employer's premises or possesses employer's property), cert. denied, 1994 Colo. LEXIS 592 (Colo. July 11, 1994); *Pursley* v. *Ford Motor Co.*, 462 N.E.2d 247, 250–51 (Ind. App. 1984) (employee drank surreptitiously while on job site and court held employer not subject to liability for plaintiff harmed in accident with intoxicated employee because accident and negligence of employee occurred outside employer's premises); *Mosko* v. *Raytheon Co.*, 416 Mass. 395, 400 n.7, 622 N.E.2d 1066 (1993) (plaintiff was injured when struck by vehicle of employee of defendant who had attended Christmas party for defendant's employees and became intoxicated; holding § 317 cannot be read to apply to accident that occurs when employee is driving own vehicle and is not on employer's premises); *Tallariti* v. *Kildare*, 63 Wn. App. 453, 458–59, 820 P.2d 952 (1991) (employees obtained and consumed alcohol after work on job site; employer owed no duty to plaintiff injured in crash with intoxicated employee), review denied, 118 Wn. 2d 1012, 824 P.2d 491 (1992); *Killian* v. *Caza Drilling, Inc.*, 131 P.3d 975, 988 (Wyo. 2006) (after bicyclist killed when hit by truck, estate sued company of employees involved in accident who had been drinking on company's premises prior to accident; court affirmed summary judgment for defendant company, noting that § 317 "imposes a duty on an employer for the negligent acts of its employees when they are acting outside the scope of their employment only if the employee is on the employer's premises or using the chattel of the employe[r]"); but see *Wong-Leong* v. *Hawaiian Independent Refinery, Inc.*, 76 Haw. 433, 444–46, 879 P.2d 538 (1994) (reversing in part trial court's grant of motion for summary judgment for

employer, court held that fact issue existed as to whether employer knew of necessity for exercising control over employee, as there was evidence that employer was aware, and condoned tradition, of employees consuming alcohol on premises after working hours).

The plaintiff argues that *Seguro* v. *Cummiskey*, 82 Conn. App. 186, 844 A.2d 224 (2004), controls and requires a conclusion of a duty of care in the present case. We disagree.

In *Seguro* this court considered "the scope of an employer's duty to supervise an employee"; id., 187; and held that "proprietors of establishments that serve alcohol do indeed have a duty to protect third parties from the conduct of bartenders and other servers who drink intoxicating liquor on the job." Id., 191. The plaintiff, injured by a bartender who had several drinks during the course of his shift and crashed into the plaintiff's parked van on his way home from work; id., 188; sued the bartender's employer for negligent supervision alleging, inter alia, that the employer allowed the employee to drink openly while on duty in violation of workplace policy. Id., 189. The court reasoned that it is "consistent with the development of our law to recognize a duty of employers at an establishment that serves liquor to third parties to supervise employees and to protect the public from an employee who drinks on the job." Id., 198. Accordingly, the court held that "employers have a duty to supervise tavern employees at the workplace as to their consumption of intoxicating liquor." Id. Additionally, in *Seguro*, this court rejected the defendant tavern owner's claim that, under § 317, there was no duty to control an employee outside the scope of employment because "[t]he negligence in question did not occur off-site, but rather involved the actions and inactions of the defendant in failing to supervise [his employee] as to consumption of intoxicating liquor on the job." Id., 194 n.8.

The plaintiff argues that *Seguro* controls because, like the employee in *Seguro*, Marinyak's consumption of alcohol occurred during employment and at the place of employment. We read *Seguro*, however, as limited to the particular circumstances in which the place of employment involves the service of alcohol as its regular course of business. Moreover, to the extent that *Seguro* rests on an expansive reading of § 317, we note that *Seguro* was released one month prior to our Supreme Court's decision in *Murdock* v. *Croughwell*, supra, 268 Conn. 566–70. Therefore, this court did not have the benefit of the Supreme Court's analysis of § 317 contained in *Murdock*, where the Supreme Court implicitly overruled the analysis of § 317 in *Seguro* when it stated that the tortious acts of an employee must occur on the employer's premises in order to impose a duty on the employer under the special relationship analysis in § 317. See id., 570.

II

The plaintiff also claims that we should look to the Restatement (Third) of Torts, Liability for Physical and Emotional Harm § 41 (2010), for additional guidance regarding the duty owed to third persons based on a special relationship. The substance of the Proposed Final Draft No. 1 of the Restatement (Third) has been approved by both the American Law Institute's Council and its membership and has recently been published in its final form. See American Law Institute, "Current Projects, Restatement Third, Torts: Liability for Physical and Emotional Harm," available at http://www.ali.-org/index.cfm?fuseaction=projects.proj ip&projectid=16 (last visited December 6, 2012). "Once approved by the Council and membership, Tentative Drafts and Proposed Final Drafts may be cited as representing the most current iteration of the Institute's position until the official text is published." Id. Indeed, even prior to its final publication, several states already had adopted

portions of the Restatement (Third), including Wisconsin; *Behrendt* v. *Gulf Underwriters Ins. Co.*, 318 Wis. 2d 622, 636, 768 N.W.2d 568 (2009); Iowa; *Thompson* v. *Kaczinski*, 774 N.W.2d 829, 839 (Iowa 2009); and Nebraska; *A.W.* v. *Lancaster County School District 0001*, 280 Neb. 205, 212, 784 N.W.2d 907 (2010). We, however, decline to do so.

First, "[i]t is axiomatic that this court, as an intermediate body, is bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *Coyle Crete, LLC* v. *Nevins*, 137 Conn. App. 540, 560–61, 49 A.3d 770 (2012). See, e.g., *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010) ("[I]t is manifest to our hierarchical judicial system that [the Supreme Court] has the final say on matters of Connecticut law and that the Appellate Court . . . [is] bound by our precedent"). Accordingly, because our Supreme Court precedent currently follows the Restatement (Second) of Torts; see *Murdock* v. *Croughwell*, supra, 268 Conn. 575; we recognize that it is the function of the Supreme Court, not this court, to determine whether this provision of the Restatement (Third) should be adopted by our courts.

Second, even if we were to adopt the provisions of the Restatement (Third), it is unlikely that the outcome of our analysis would change. Section 41 of the Restatement (Third) of Torts provides in relevant part: "(a) An actor in a special relationship with another owes a duty of reasonable care to third persons with regard to risks posed by the other that arise within the scope of the relationship. (b) Special relationships giving rise to the duty in Subsection (a) include . . . (3) an employer with employees when the employment facilitates the employee's causing harm to third parties

. . . ." Restatement (Third), supra, § 41, p. 778 (Proposed Final Draft No. 1, 2005). Although the Restatement (Third) removes the premises and chattel requirements contained in the Restatement (Second), the comments to § 41 explain that "[e]mployment facilitates harm to others when the employment provides the employee access to physical locations, such as the place of employment . . . or other means by which to cause harm that would otherwise not be available to the employee." See id., § 41, comment (e), p. 782. It is unlikely that we would conclude that there was anything about the defendant's premises that furnished Marinyak access to alcohol before driving that he would not have had otherwise. Further, the Reporter's Note also cites approvingly to those cases, decided under § 317 of the Restatement (Second), where employers did not owe a duty to plaintiffs injured in crashes with intoxicated employees, even when the employees drank on the employer's premises. See id., § 41, Reporter's Note to comment (e), p. 795.

The judgment is affirmed.

In this opinion the other judges concurred.