******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JANINE CANNIZZARO *v.* STEPHAN
MARINYAK ET AL.
(SC 19101)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued February 18—officially released July 1, 2014*

*Kevin S. Coyne*, with whom, on the brief, was *Joseph
M. Walsh*, for the appellant (plaintiff).

*Joshua A. Yahwak*, with whom, on the brief, was
*Joseph M. Musco*, for the appellee (defendant Diane
Jennings Mayo).

*Opinion*

EVELEIGH, J. The plaintiff, Janine Cannizzaro, appeals from the judgment of the Appellate Court affirming the decision of the trial court rendering summary judgment in favor of the defendant Diane Jennings Mayo relating to an automobile accident with the named defendant, Stephan Marinyak.[1] At the time of the accident, Marinyak was an employee of the defendant, a homeowner in Redding. On appeal, the plaintiff asserts that the Appellate Court improperly affirmed the decision of the trial court rendering summary judgment in favor of the defendant because it improperly concluded that the defendant did not owe the plaintiff a duty of care. We affirm the judgment of the Appellate Court, albeit for different reasons.

The opinion of the Appellate Court sets forth the following facts and procedural history that are relevant to this appeal. "During the afternoon of January 29, 2007, while driving northbound on Route 15 in Fairfield County, Marinyak attempted to maneuver his vehicle to pass the plaintiff's vehicle. He collided with the plaintiff's vehicle causing the plaintiff catastrophic injuries, including the amputation of her leg and a traumatic brain injury. Investigation by the state police determined that Marinyak was under the influence of alcohol at the time of the accident and had a blood alcohol level of 0.19 percent. Marinyak worked for the defendant as a plasterer and painter during the renovation of her home. Shortly before the accident, Marinyak had left the work site at the defendant's home. . . . [O]n the day of the accident, Marinyak had consumed alcohol [at the defendant's property] before leaving the premises in his car." *Cannizzaro* v. *Marinyak*, 139 Conn. App. 722, 725, 57 A.3d 830 (2012).

"On February 19, 2008, the plaintiff filed a six count amended complaint against [inter alios] Marinyak . . . and the defendant. Counts four, five, and six are against the defendant, alleging negligent supervision, negligent service of alcohol and reckless service of alcohol, based on claims that Marinyak and other employees of the defendant regularly drank alcohol while working at the defendant's home, including on the day of the accident. The defendant moved for summary judgment on the ground that she owed no duty of care to the plaintiff. The trial court granted the motion and rendered judgment for the defendant on counts four, five and six of the complaint." Id., 723–24.

The plaintiff subsequently appealed to the Appellate Court, claiming that the trial court "improperly granted the motion for summary judgment because there was a question of fact affecting the legal determination of whether the defendant owed a duty of care to the plaintiff. Specifically, the plaintiff claims that, because the defendant was negligent in failing to supervise Mariny-

ak's consumption of alcohol while working on her premises, the defendant owed her a duty of care that was breached when Marinyak, driving while intoxicated, collided with the plaintiff, causing her injuries. In this connection, the plaintiff claims that there was a question of fact disclosed by the evidence submitted in opposition to the motion for summary judgment regarding Marinyak's consumption of alcohol on the defendant's premises and the defendant's constructive knowledge thereof." (Footnote omitted.) Id., 724–25.

The Appellate Court concluded that, as a matter of law, the defendant did not owe a duty of care to the plaintiff because the accident did not occur on the defendant's premises or while using the defendant's chattel. Id., 728–32. We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the trial court's summary judgment in favor of the defendant . . . ?" *Cannizzaro* v. *Marinyak*, 308 Conn. 902, 903, 60 A.3d 286 (2013).

We begin by setting forth the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 115–16, 49 A.3d 951 (2012).

On appeal, the plaintiff claims that the Appellate Court improperly affirmed the trial court's conclusion that the defendant did not owe the plaintiff any duty on the facts of this case. Specifically, the plaintiff contends that the Appellate Court improperly relied on *Murdock* v. *Croughwell*, 268 Conn. 559, 848 A.2d 363 (2004), and its discussion of §§ 314 and 317 of the Restatement (Second) of Torts for prescribing the duty to protect third parties. The plaintiff asserts, instead, that the defendant had a duty to protect her from harm that

resulted from Marinyak's drinking on the defendant's premises because the harm was foreseeable. The plaintiff also asserts that public policy favors prohibiting the consumption of alcohol in the workplace and, therefore, supports holding the defendant responsible for her injuries. In response, the defendant asserts that the Appellate Court properly relied on *Murdock* v. *Croughwell*, supra, 559, and its discussion of §§ 315 and 317 of the Restatement (Second). The defendant further asserts that, under §§ 315 and 317 of the Restatement (Second), she did not owe a duty of care to the plaintiff in the present case. We agree with the defendant.

As this court recognized in *Murdock* v. *Croughwell*, supra, 268 Conn. 566, "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . [T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . .

"With respect to the second inquiry, namely, the policy analysis, there generally is no duty that obligates one party to aid or to protect another party. See 2 Restatement (Second), Torts § 314, p. 116 (1965). One exception to this general rule arises when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another. See W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 56, pp. 373–74; see also 2 Restatement (Second), supra, §§ 314A, 315 . . . . In delineating more precisely the parameters of this limited exception to the general rule, this court has concluded that, [in the absence of] a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. . . . *Fraser* v. *United States*, 236 Conn. 625, 632, 674 A.2d 811 (1996). . . . *Ryan Transportation, Inc.* v. *M & G Associates*, 266 Conn. 520, 525–26, 832 A.2d 1180 (2003)." (Emphasis omitted; internal quotation marks omitted.)

Section 315 of the Restatement (Second) of Torts provides in relevant part: "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the

third person's conduct . . . ."[2] "[A]s a whole, § 315, by its express terms, is an exception to the general rule that there is no duty to control the conduct of a third person. The comments to § 315 make this point explicitly, stating that '[t]he rule stated in this [s]ection is a special application of the general rule stated in § 314.' 2 Restatement (Second), supra, § 315, comment (a), p. 122. Section 314 of the Restatement (Second), supra, in turn, provides: 'The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.' " *Murdock* v. *Croughwell*, supra, 268 Conn. 567.

Mindful, as we were in *Murdock*, "that the starting point of our analysis is the general prohibition against imposing upon an individual a duty to control the conduct of a third party"; id.; we address the plaintiff's contention that the employment relationship between the defendant and Marinyak is sufficient to create a duty on the part of the defendant to protect the plaintiff from harm. We agree with the Appellate Court that § 317 of the Restatement (Second) governs our analysis of the plaintiff's claim in the present case. *Cannizzaro* v. *Marinyak*, supra, 139 Conn. App. 727–28.

Section 317 of the Restatement (Second) of Torts provides in relevant part: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control."[3]

With these principles in mind, we turn to the evidence presented to the trial court for consideration of the defendant's motion for summary judgment. A review of the undisputed evidence demonstrates that the defendant established that she: (1) never served alcohol to the workers; (2) had no knowledge that the workers were drinking while on her property; (3) had specifically instructed the supervisor that she did not want the workers drinking while on her property; and (4) was not present on the property on the day of the accident and for a period of approximately three days before the accident.

First, the defendant established that she never served alcohol to any of the workers on her property, nor authorized any agents, servants or employees to cause alcohol to be served to any of the individuals working on her property. Marinyak also testified at his deposi-

tion that the defendant never provided any alcohol to the workers at her property.

Second, the defendant established that she had no knowledge that any of the individuals working on her property ever consumed alcohol while working. She testified that she never observed any full or empty bottles of alcohol on the property and never observed anyone that seemed to be intoxicated. Marinyak also corroborated the defendant's testimony. Marinyak explained that the defendant had lived in her other home in Bridgeport and only would come to the property "once a week to see how the work was going . . . ." Marinyak further testified that the defendant never saw him drinking at the job site and that he did not think she ever saw anybody drinking at the job site "[a]nd if she did, [he thought] she probably would tell them to leave the job. She didn't see anybody pouring and drinking . . . she never saw us drink." Indeed, Marinyak testified that the alcohol was typically left in the basement of the property and that he never saw the defendant in the basement of the property.

Third, the defendant established that she told John Wanat, the contractor who supervised the work on her property, that she did not want any of the workers drinking alcohol while on the property. Wanat corroborated the defendant's testimony, testifying in his deposition that the defendant "did not want any alcohol on the job and in the end I had to promise her that I myself, because I had a couple once in a while or something, I'd made a promise to her that I wouldn't drink on her job site at all . . . ." Marinyak also testified that Wanat told him not to drink on the job site.

Fourth, the defendant established that she was not present at the property on the date of the accident. In her affidavit, the defendant stated that she was in Florida from January 26, 2007 through January 31, 2007. Marinyak also testified that the defendant was not at the property on the day of the accident and that she had not been at the property for approximately four days because she was in Florida. The trial court found that the defendant never served, provided or distributed alcohol to any of the employees and that there was no evidence to the contrary.

Applying the governing legal principles to the facts of the present case, we conclude that the defendant did not owe a duty of care to the plaintiff. Specifically, the plaintiff did not establish a genuine issue of material fact regarding whether the defendant knew or should have known of the necessity and opportunity for exercising control over Marinyak's consumption of alcohol on her premises.[4] Instead, the undisputed evidence established that the defendant never served alcohol to the workers, had no knowledge that the workers were drinking while on her property, had specifically instructed a supervisor that she did not want the work-

ers drinking while on her property, and was not present on the day of the accident.

Our conclusion is consistent with cases from other jurisdictions that have considered this prong of § 317 of the Restatement (Second). For instance, in *Biel* v. *Alcott*, 876 P.2d 60, 62–63 (Colo. App. 1993), the Colorado Court of Appeals concluded that an employer did not have a duty to protect third parties from her employee's consumption of alcohol because she did not know that the employee had consumed alcohol on the date of the accident, or at any other time, and was not aware that the employee had a history of alcohol related problems.

The Court of Appeals of North Carolina also considered this prong of § 317 of the Restatement (Second) in *Peal* v. *Smith*, 115 N.C. App. 225, 228, 444 S.E.2d 673 (1994) aff'd, 340 N.C. 352, 457 S.E.2d 599 (1995). In *Peal*, the Court of Appeals of North Carolina concluded that a corporate defendant had a duty to protect third parties from the harm presented by its employees driving while intoxicated after leaving the company premises where they would drink alcohol because the company knew of the employees' activities, had a policy expressly prohibiting it, but failed to control the employees' behavior. Id., 232–34.

Similarly, the Supreme Court of Hawaii concluded that "where [employers] are on actual notice that, pursuant to traditions or practices that they themselves have instituted or condoned, their employees are systematically and consistently consuming alcohol on company premises after working hours, albeit outside the scope of their employment. Under such circumstances, and given a sufficient record, an employer can or should know of the necessity and opportunity for exercising such reasonable control over its employees as to avoid the foreseeable risk that an inebriated employee will injure a third party in a motor vehicle accident." (Emphasis omitted.) *Wong-Leong* v. *Hawaiian Independent Refinery, Inc.*, 76 Haw. 433, 445–46, 879 P.2d 538 (1994).

In the present case, the undisputed facts demonstrate that the defendant homeowner neither facilitated nor condoned the consumption of alcohol by workers on her property, but instead expressly instructed a supervisor to prohibit the consumption of alcohol on her property. Moreover, the defendant was a homeowner who, unlike a traditional employer, was only present at the property one day a week for a brief visit. Accordingly, we cannot conclude that under the facts of this case, the defendant knew or should have known of the necessity to exercise control over her employees to avoid the risk that an inebriated employee would injure a third party in a motor vehicle accident on the way home from her property.

The plaintiff further asserts that the Appellate Court improperly concluded that *Seguro* v. *Cummiskey*, 82 Conn. App. 186, 844 A.2d 224 (2004), is inapplicable to the present case. *Seguro* involved a claim by an individual who was injured by the defendant's employee when the employee left the defendant's premises after working as a bartender at the defendant's place of business. Id., 187. In concluding that the employer owed a duty to third parties to protect them from the harm of a bartender leaving his place of employment after consuming alcohol, the Appellate Court reasoned as follows: "The jury reasonably could have found that the [employer] had actual knowledge that [the bartender] was drinking during his shift. [The bartender] admitted to drinking while at work . . . and stated that he had made no effort to conceal his drinking. Further, the [employer] allowed his employees to drink alcoholic beverages while at work. Therefore, the jury reasonably could have found it foreseeable that the [employer's] failure to prevent [the bartender's] drinking could have resulted in [the bartender's] driving home from work while intoxicated and injuring a third party." Id., 194–95. On the basis of the foregoing, we conclude that *Seguro* is not applicable to the present case because, as we discussed previously in this opinion, unlike the employer in *Seguro*, the defendant in the present case had no knowledge that Marinyak was consuming alcohol during work and did not allow the consumption of alcohol on her property.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] The defendant Stephan Marinyak, the apportionment defendant Town Fair Tire, the third party defendant Rana Saleh, doing business as Getty Barnum Mart, and the substitute third party defendant Adan Rahim, doing business as Getty Barnum Mart, are not parties to this appeal. For the sake of convenience, we refer in this opinion to Mayo as the defendant and to Marinyak by name. See *Cannizzaro* v. *Marinyak*, 139 Conn. App. 722, 723 n.1, 57 A.3d 830 (2012).

[2] "The text of § 315 (a) of the Restatement (Second) does not define the special relationships that give rise to a duty to control the conduct of a third party. The comments to § 315 (a), however, are particularly enlightening in this regard because they reference corresponding Restatement (Second) sections that delineate precisely those relationships that fall within the purview of § 315 (a). See 2 Restatement (Second), supra, § 315, comments (a) through (c). 'The relations between the actor and a third person which require the actor to control the third person's conduct are stated in §§ 316–319.' Id., comment (c).

"Sections 316, 318 and 319 of the Restatement (Second) all identify specific relationships that give rise to a duty to control a third party pursuant to § 315 (a). Section 316 imposes a duty on a parent to prevent his minor child from intentionally harming a third party. Section 318 imposes a duty on the possessor of land or chattels to control the conduct of a licensee. Finally, § 319 requires those exercising custodial control over an individual, such as sheriffs or wardens, to prevent such an individual from harming third parties." (Footnotes omitted.) *Murdock* v. *Croughwell*, supra, 268 Conn. 568–69.

[3] The plaintiff asserts that this court should adopt § 41 of the Restatement (Third) of Torts, Liability for Physical and Emotional Harm (2012), and look to that section for additional guidance regarding the duty owed to third persons based on a special relationship. We decline to do so at this time. Nonetheless, we note that we agree with the Appellate Court's conclusion

that, even if § 41 was applied to the present case, it is unlikely that our analysis would change because "[a]lthough the Restatement (Third) removes the premises and chattel requirements contained in the Restatement (Second), the comments to § 41 explain that '[e]mployment facilitates harm to others when the employment provides the employee access to physical locations, such as the place of employment . . . or other means by which to cause harm that would otherwise not be available to the employee.' See id., § 41, comment (e), p. [67]. It is unlikely that we would conclude that there was anything about the defendant's premises that furnished Marinyak access to alcohol before driving that he would not have had otherwise. Further, the Reporter's Note also cites approvingly to those cases, decided under § 317 of the Restatement (Second), where employers did not owe a duty to plaintiffs injured in crashes with intoxicated employees, even when the employees drank on the employer's premises. See id., § 41, Reporter's Note to comment (e), p. [76]." *Cannizzaro* v. *Marinyak*, supra, 139 Conn. App. 735.

[4] Because we conclude that the plaintiff did not establish a genuine issue of material fact as to whether the defendant knew or should have known of the necessity and opportunity for exercising control over Marinyak, we need not decide whether the Appellate Court properly concluded that the defendant did not owe a duty of care to the plaintiff because the accident did not occur on the defendant's premises, even though the consumption of alcohol occurred on the defendant's premises. See *Cannizzaro* v. *Marinyak*, supra, 139 Conn. App. 727–29.