******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ABDULMALIK NEGEDU
(AC 35721)

Sheldon, Keller and Lavery, Js.

*Argued January 8—officially released March 31, 2015*

(Appeal from Superior Court, judicial district of Fairfield, geographical area number two, Rodriguez, J.)

*Lisa J. Steele*, assigned counsel, for the appellant (defendant).

*Elizabeth S. Tanaka*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Joseph Marcello*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Abdulmalik Negedu, appeals from the judgment of conviction, rendered after a jury trial, of one count of larceny in the second degree in violation of General Statutes § 53a-123 (a) (2).[1] The defendant claims that Public Acts 2009, No. 09-138, § 2 (P.A. 09-138),[2] which amended the second degree larceny statute after the defendant violated that statute but before he was convicted of so doing by increasing the value of stolen property required for commission of that offense, applies retroactively. Our Supreme Court has held that it does not. *State* v. *Cote*, 314 Conn. 570, 581, A.3d (2014); *State* v. *Kalil*, 314 Conn. 529, 558–59, A.3d (2014). The defendant nevertheless asks this court to hold that the enactment applies retroactively because it is curative in nature, an argument that the Supreme Court declined to review in *Cote* because it was not properly raised. See *State* v. *Cote*, supra, 314 Conn. 580–81. "[I]t is axiomatic that this court, as an intermediate body, is bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *Cannizzaro* v. *Marinyak*, 139 Conn. App. 722, 734, 57 A.3d 830 (2012), aff'd on other grounds, 312 Conn. 361, 93 A.3d 584 (2014); see also *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010) ("it is manifest to our hierarchical judicial system that [the Supreme Court] has the final say on matters of Connecticut law and that the Appellate Court . . . [is] bound by [its] precedent"). Because the Supreme Court has ruled that the statute is not retroactive, it is not appropriate for this court to conclude otherwise. Such a determination lies within the province of the Supreme Court or the legislature.

The judgment is affirmed.

[1] The defendant was also convicted of two counts of larceny in the first degree in violation of General Statutes (Rev. to 2009) § 53a-122 (a) (2). He has not challenged those convictions.

[2] Section 2 of P.A. 09-138, entitled "An Act Concerning Larceny," increased the value required for an offense constituting larceny in the second degree as follows: "(a) A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property . . . exceeds ten thousand dollars . . . . " P.A. 09-138, § 2, codified at General Statutes (Supp. 2010) § 53a-123 (a) (2). Thus, under the statutory scheme at the time of the defendant's conviction, the value of the property taken would have qualified for a charge of larceny in the third degree; see General Statutes (Supp. 2010) § 53a-124 (a) (2); a class D felony with a maximum sentence of five years; see General Statutes (Supp. 2010) § 53a-124 (c); General Statutes § 53a-35a (8); rather than a class C felony with a maximum sentence of ten years under the statute in effect at the time the crime was committed. See General Statutes (Rev. to 2009) § 53a-123 (c); General Statutes § 53a-35a (7).