******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EVELEIGH, J., dissenting. I respectfully dissent. I disagree with the majority's conclusions that (1) the judgment in the first action was one on the merits for purposes of General Statutes § 52-592 (a), and (2) the determination of whether the first action failed as a matter of form under the accidental failure of suit statute did not require a factual determination by the trial court of the plaintiff's conduct. Contrary to the majority, I would conclude that a judgment in the first action rendered as a result of compulsory arbitration pursuant to General Statutes § 52-549z does not result from a trial on the merits so as to necessarily preclude applicability of the accidental failure of suit statute. Specifically, I would conclude that the trial court must make a factual determination as to whether the failure of the plaintiff, Phyllis Larmel, to demand a trial de novo within twenty days of the issuance of the arbitration decision caused the first action to fail as a matter of form. Accordingly, I would reverse the judgment dismissing the action and remand the case to the trial court for further factual findings.

I

I begin by noting my agreement with the statement of facts in the majority's opinion and with the majority's discussion of our standard of review. I do not, however, fully agree with its examination of the governing legal principles surrounding what constitutes a trial on the merits. Specifically, I believe that the majority improperly found inapplicable our Supreme Court's decision in *Nunno* v. *Wixner*, 257 Conn. 671, 778 A.2d 145 (2001), which I find to be controlling precedent in the present matter.

In *Nunno*, our Supreme Court addressed the issue of whether the provisions of General Statutes (Rev. to 2001) § 52-192a,[1] concerning an offer of judgment, apply to a judgment rendered as a result of a mandatory arbitration proceeding pursuant to General Statutes § 52-549u,[2] which is the same statutory scheme under consideration in the present case. Id., 674. Because the language of § 52-192a (b) specifically indicates that the statute is applicable only after the action has gone to trial, the court's central determination was whether the court-mandated arbitration proceeding constituted a trial for purposes of the offer of judgment statute. See id., 676–77. Although the present matter concerns the accidental failure of suit statute, which is different from the one at issue before the court in *Nunno*, namely, the offer of judgment statute, I believe that the underlying reasoning and analysis employed by our Supreme Court in distinguishing between a judgment rendered as a result of an arbitration decision and one resulting from

an adjudication on the merits, specifically in the form of a trial, is decisive here and should have been followed by the majority in rendering its decision.

The court in *Nunno* interpreted the definition of a trial narrowly. It stated: "Black's Law Dictionary (7th Ed. 1999) defines trial as '[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding.' It further defines 'judicial' as '[o]f or relating to, or by the court' and 'determination' as '[a] final decision by a court or administrative agency . . . .' " *Nunno* v. *Wixner*, supra, 257 Conn. 681. After highlighting the procedural differences between arbitration and judicial proceedings[3] and recognizing the informality of arbitration proceedings, the court concluded that the arbitration was not conducted as a trial such that it would trigger the right to imposition of interest "after trial" pursuant to the offer of judgment statute.[4]

In my view, the court's analysis is directly applicable to the present matter. The decision in *Nunno* is not limited to its facts. That the analysis in *Nunno* was conducted pursuant to a different statute is of no moment, because the underlying issue of whether an arbitration is fundamentally analogous to a trial for policy reasons is the same. In the present case, the arbitration suffers from largely the same procedural deficiencies as in *Nunno*. Specifically, no testimony was offered by either party; instead, the parties only submitted exhibits, including the plaintiff's deposition, medical records and bills, and a report following a medical records review. Further, there was no cross-examination, there was no objection to evidence, and the arbitrator did not have to provide reasons for his conclusions. Also, the decision of the arbitrator, a nonjudicial officer, is nonbinding as long as the requisite pleading is filed.

Because our Supreme Court has spoken on the issue, we are bound by the court's holding that, where an arbitration lacks the formalities and hallmarks of a judicial proceeding, as it does here, pursuant to the statutory scheme of § 52-549 et seq., it cannot constitute a trial.[5] See *Cannizzaro* v. *Marinyak*, 139 Conn. App. 722, 734, 57 A.3d 830 (2012) ("this court, as an intermediate body, is bound by Supreme Court precedent" (internal quotation marks omitted)), aff'd on other grounds, 312 Conn. 361, 93 A.3d 584 (2014). Accordingly, the plaintiff's first action was not tried on the merits, so as to not preclude application of the accidental failure of suit statute.[6]

## II

I must next determine whether the action failed for any of the reasons enumerated in the statute—of particular relevance to the present matter is failure as a matter of form. This necessarily involves a factual finding by

the trial court as to the plaintiff's conduct and whether such conduct led to the first action failing for procedural reasons, thus rendering the statute applicable to the plaintiff's second action. Therefore, I disagree with the majority's statement that, even if the first action were not tried on its merits, "no purpose would be served by such a factual determination."

The majority states that "[n]egligence of a party or her counsel for judgments entered upon default or *similar procedural reasons* do not provide relief to the plaintiff." (Emphasis added.) Significantly, however, the majority only discusses the context of judgments rendered upon default and not other "similar procedural reasons . . . ." It cites to only one case, *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548–49, 776 A.2d 1195 (2001), which is limited to the context of General Statutes § 52-212, for the proposition that a party's negligence is an insufficient cause for opening a judgment. Yet, this court recognized in *Skinner* v. *Doelger*, 99 Conn. App. 540, 559, 915 A.2d 314, cert. denied, 282 Conn. 902, 919 A.2d 1037 (2007), that §§ 52-592 and 52-212 "have different purposes and, thus, employ different legal standards." Subsequently, in *Estela* v. *Bristol Hospital, Inc.*, 179 Conn. App. 196, 207, 180 A.3d 595 (2018), this court reiterated this difference of standards, stating: "To open a nonsuit pursuant to § 52-212 (a), a plaintiff must demonstrate that it was prevented from prosecuting its action by mistake, accident or other reasonable cause . . . . In contrast, the matter of form provision of § 52-592 (a) . . . requires a plaintiff to demonstrate that the prior suit failed in circumstances such as mistake, inadvertence or *excusable neglect*." (Citation omitted; emphasis added; footnote omitted; internal quotation marks omitted.) "In cases where [our Supreme Court] either stated or intimated that the 'any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [our Supreme Court has] concluded that the failure of the case to be tried on its merits had not resulted from accident or even *simple negligence*." (Emphasis added.) *Lacasse* v. *Burns*, 214 Conn. 464, 473, 572 A.2d 357 (1990). Simply stated, I am unpersuaded by the majority's position and believe that a factual determination regarding the plaintiff's conduct should be made by the trial court in order to determine whether the accidental failure of suit statute is applicable.

Although there is no case law directly on point in the context of a judgment rendered pursuant to § 52-549z, there have been cases concerning actions that have failed for other procedural reasons, wherein the court has analyzed the plaintiff's conduct and determined whether it amounts to mistake, inadvertence, or excusable neglect so as to constitute failure as a matter of form for purposes of § 52-592. I find the underlying analysis conducted by this court in two particular cases to be persuasive in the present matter.

In *Stevenson* v. *Peerless Industries, Inc.*, 72 Conn. App. 601, 603, 806 A.2d 567 (2002), the plaintiff failed to respond to discovery requests, leading to a judgment of nonsuit. The plaintiff then brought a second action pursuant to § 52-592, which was dismissed after the trial court found that the plaintiff's failure to respond to discovery requests was caused by inaction and not mistake, inadvertence, or excusable neglect. Id., 605. This court reversed the trial court's decision and held that the plaintiff was not precluded from bringing a second action pursuant to the accidental failure of suit statute, because the plaintiff's failure to respond to a discovery request, which occurred in a span of only six months, did not result in considerable delay or inconvenience to the court or to opposing parties. Id., 610. Additionally, recognizing that the plaintiff provided a credible excuse, namely, miscommunication with out-of-state counsel, this court concluded that the plaintiff's conduct was not dilatory or a delay tactic, and that the situation involved an "excusable neglect" so as to constitute failure as a matter of form for purposes of the remedial statute. Id.

In *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 246, 969 A.2d 210 (2009), the plaintiff's first action was dismissed because the plaintiff similarly failed to respond in any manner to the court's discovery order. Subsequently, the plaintiff filed a second action pursuant to § 52-592, which was dismissed after the trial court concluded that the plaintiff had not demonstrated excusable neglect. Id., 248–49. On appeal, the plaintiff contended that because the conduct precipitating the dismissal of the first action was not egregious, he should be entitled to the relief afforded by the statute. This court agreed with the plaintiff; we noted that the plaintiff's conduct "was neither repeated nor protracted . . . [but] consisted of a singular failure to comply with a discovery request over the course of four months"; id., 252; that "did not result in considerable delay or inconvenience to the defendant or the court." Id., 254. These considerations, combined with the fact that the plaintiff had a credible excuse, namely, illness of family members of the plaintiff's counsel, led this court to conclude that the failure of the first action was as a matter of form under circumstances of excusable neglect. Id., 255.

In my opinion, the various factors considered by this court in both *Stevenson* and *Tellar* should be applied by the trial court in the present matter in making its factual determination regarding whether the plaintiff's conduct rises to the level of egregiousness that would justify precluding applicability of the accidental failure of suit statute. I note, for instance, that the time period in this case is not particularly long, and the defendant was not prejudiced by the actions of the plaintiff's attorney. Further, this case involves one instance rather than a number of repeated or protracted actions. Ultimately,

"looming behind § 52-592 is the overarching policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Skinner* v. *Doelger*, supra, 99 Conn. App. 554–55. "[I]t is well established in our long line of case law interpreting the statute . . . that § 52-592 (a) is remedial and is to be liberally interpreted." (Internal quotation marks omitted.) *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 49, 12 A.3d 885 (2011). It is with this policy in mind that the trial court must make its determination of whether the first action failed as a matter of form.

On the basis of the foregoing, I would reverse the judgment dismissing the action and remand the case to the trial court for further proceedings consistent with this opinion. Therefore, I respectfully dissent.

[1] General Statutes (Rev. to 2001) § 52-192a (b) provides in relevant part: "*After trial* the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . ." (Emphasis added.)

All references herein to § 52-192a are to the 2001 revision of the General Statutes.

[2] In *Nunno*, the plaintiff was involved in a motor vehicle collision. After filing an action against the defendants, the plaintiff filed an offer of judgment for $19,000 pursuant to § 52-192a (a). *Nunno* v. *Wixner*, supra, 257 Conn. 674. The defendants did not accept the offer of judgment. Id. Subsequently, the case went to arbitration under the court's mandatory arbitration program pursuant to § 52-549u. Id., 674–75. The arbitrator issued a decision awarding the plaintiff $21,945, which became a judgment of the court pursuant to § 52-549z. Id., 675. Thereafter, the plaintiff filed a motion seeking an award of 12 percent interest on the judgment pursuant to § 52-192a because the amount awarded through arbitration exceeded the amount of the plaintiff's offer of judgment. Id., 676. The trial court denied the plaintiff's motion after determining that "mandatory arbitration is not a trial and therefore the offer of judgment provisions do not apply"; (internal quotation marks omitted) id., 676 n.9; and our Supreme Court affirmed the court's judgment. Id., 677.

[3] The court stated the following regarding arbitration proceedings: "Court-mandated arbitration proceedings pursuant to § 52-549u do not include many of the distinctive hallmarks of a trial. . . . [T]he United States Supreme Court concluded that [a]rbitration differs from judicial proceedings in many ways: arbitration carries no right to a jury trial as guaranteed by the Seventh Amendment; arbitrators need not be instructed in the law; they are not bound by rules of evidence; they need not give reasons for their awards; witnesses need not be sworn; the record of proceedings need not be complete; and judicial review, it has been held, is extremely limited. . . . [T]he United States Supreme Court also distinguished arbitration from judicial proceedings, concluding that arbitral [fact-finding] is generally not equivalent to judicial [fact-finding]. . . . [T]he record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable. . . . [Our Supreme Court] also has distinguished arbitration from judicial proceedings, concluding that an arbitration proceeding is not an action for purposes of the statute of limitations. . . . In doing so, the court concluded that arbitration proceedings do not occur in court, indeed that their very purpose is to avoid the formalities, the delay, the expense and vexation of ordinary litigation. . . . [T]hese proceedings are not governed by our rules of procedure." (Citations omitted; internal quotation marks omitted.) *Nunno* v. *Wixner*, supra, 257 Conn. 679–80.

[4] The court in *Nunno* stated: "[N]o witnesses testified for either party and no formal exhibits were offered. The parties merely submitted copies of a police report, photographs, transcripts of depositions, medical reports and medical bills. The parties also summarized their respective cases through

their counsel. After reviewing all of the information provided, the arbitrator issued his nonbinding award. The arbitration proceedings in this case differed greatly from a trial. The procedures were informal and parties were allowed to present unsworn evidence. None of the rules of evidence applied in this proceeding. In addition, the proceeding was presided over by a nonjudicial officer, whose decision was not binding on the parties." *Nunno* v. *Wixner*, supra, 257 Conn. 680–81.

[5] The majority attempts to distinguish a trial as analyzed in *Nunno* from "tried on its merits," as that phrase is used in the accidental failure of suit statute. Specifically, the majority states that "[t]he statute at issue in the present case is § 52-592, the accidental failure of suit statute," which concerns an action that has "failed one or more times *to be tried on its merits* . . . for any matter of form . . . . The determinative issue in *Nunno* was what constituted a trial. The word *trial* does not appear in § 52-592 and, therefore, what constitutes a trial cannot be the determinative issue in the present case. The relevant language in § 52-592 is *tried on its merits*." (Emphasis in original.) The word trial, a noun, means a "formal examination before a competent tribunal of the matter in issue in a civil or criminal cause in order to determine such issue . . . ." Merriam-Webster's Collegiate Dictionary (11th Ed. 2003), p. 1334. The word "tried" is the past tense of the verb "try," which means "to examine or investigate judicially . . . to conduct the trial of . . . to participate as counsel in the judicial examination of . . . ." Id., 1344. Given that "trial" and "tried" essentially mean the same thing, it is of no consequence that the accidental failure of suit statute refers only to the verb tried, as opposed to the noun trial; it's a distinction without a difference. Accordingly, I disagree with the majority's attempt to distinguish *Nunno* in this regard and conclude that the analysis in *Nunno* concerning what constitutes a trial is directly relevant to the determination in the present case of whether the arbitration matter failed to be tried on its merits as a matter of form.

Moreover, in finding that *Nunno* is not controlling, the majority opinion states that "our Supreme Court's decision in *Nunno* relied in *significant* part on the purpose of the offer of compromise statute," which is to promote the pretrial settlement of cases, whereas the accidental failure of suit statute ensures that litigants are able to have their disputes resolved on the merits and is "not intended to promote the informal resolution of . . . [disputes] . . . ." (Emphasis added.) I disagree. What the court in *Nunno* focused on was the arbitration proceeding itself, and whether that procedure constituted a trial, which was necessary for a determination of whether the offer of compromise statute was applicable to a judgment rendered following court-mandated arbitration. See *Nunno* v. *Wixner*, supra, 257 Conn. 680 ("[a]n examination of the arbitration proceeding in the present case supports our conclusion that the arbitration proceeding was not conducted as a trial"). Although the court referred to the punitive nature of the offer of judgment statute and found that it was "inconsistent with the legislature's intention in enacting court-mandated arbitration"; id., 684; its primary focus was on the nature of the arbitration procedure itself, which it found did not constitute a trial. See id., 679–83. That procedure is essentially the same one at issue in the present case, which also should not be found to constitute a trial. Accordingly, I would find, on the basis of *Nunno*, that the matter previously had failed to be tried on its merits.

[6] The majority also relies on *Legassey* v. *Shulansky*, 28 Conn. App. 653, 611 A.2d 930 (1992), in support of its conclusion. Specifically, the majority relies on the following statement by this court in *Legassey*: "Judgments based on the following reasons are not rendered on the merits: want of jurisdiction; pre-maturity; failure to prosecute, unavailable or inappropriate relief or remedy; lack of standing." (Internal quotation marks omitted.) Id., 658. The majority points out that "judgments rendered pursuant to § 52-549u are not one of the enumerated judgments considered not rendered on the merits." Nowhere in *Legassey*, however, did this court state that that list was exhaustive. *Nunno*, which was decided after *Legassey*, clearly added to that list.