■ Abdul Wahid, Respondent, v Marie L. Shelto, Appellant. [49 NYS3d 700]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered March 25, 2015, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On July 5, 2014, the plaintiff allegedly sustained personal injuries when his pushcart collided with the defendant's vehicle. After issue was joined, the defendant moved for summary judgment dismissing the complaint, alleging in an affidavit that she was stopped at a traffic light, with one or two vehicles in front of her, for approximately 15 seconds, when the plaintiff's pushcart collided with her vehicle on the rear passenger side, breaking the rear window on the passenger side. The defendant also submitted a police report, which recorded the plaintiff's statements that he was pushing a pushcart in the street when the wheel got stuck in a pothole and, as he was trying to right the cart, it got away from him and struck the plaintiff's vehicle, breaking the passenger side rear quarter window. At that point, an unknown vehicle struck the plaintiff on his left ankle and fled the scene. In opposition, the plaintiff submitted an affidavit, in which he averred that the defendant's vehicle "came into contact with my body, causing me serious injuries."

In the order appealed from, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.

The defendant met her initial burden as the movant of demonstrating, prima facie, that she was not negligent in the happening of the accident and that she could not be held liable for the plaintiff's injuries (see *Rieman v Smith*, 302 AD2d 510 [2003]; *Fiscella v Gibbs*, 261 AD2d 572 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.